OPINION
In an accelerated appeal, defendant-appellant, Claude Lee Keenan, appeals the decision of the Clermont County Court of Common Pleas, denying appellant's motion for leave to file an amended petition for postconviction relief. We affirm.
After a jury trial, appellant was convicted on one count of aggravated burglary and attempted rape and two counts of intimidation of a crime victim. Appellant's convictions were affirmed upon direct appeal. State v. Keenan (Nov. 17, 1997), Clermont App. No. CA96-11-105, unreported, discretionary appeal not allowed (1998), 81 Ohio St.3d 1468.
On August 27, 1997, appellant filed a pro se motion for postconviction relief pursuant to R.C. 2953.21. The motion for post conviction relief was denied without an evidentiary hearing on November 25, 1997. The trial court concluded that (1) the first three claims, that appellant was denied due process of law by the presentation of allegedly perjured testimony, were resjudicata and, in any event, lacked cogency and (2) the fourth claim, ineffective assistance of counsel, asserted instances of ineffective assistance that could have been raised on direct appeal and was therefore res judicata or failed to be supported by sufficient documentation.
On July 9, 1998, appellant, now through counsel, moved for reconsideration of the November 25, 1997 judgment entry which over ruled his motion for postconviction relief without an evidentiary hearing. Appellant, again through counsel, also sought to amend the August 27, 1997 petition to include an ineffective assistance claim not previously raised concerning his right to testify at trial. The motion for reconsideration was denied because a final judgment is not subject to a motion for reconsideration. SeePitts v. Ohio Dept. of Transportation (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. The motion to amend the petition was treated as a successive petition and denied because it presented claims that could have been raised in the initial petition. From this decision, appellant filed a timely notice of appeal and asserts two assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN APPLYING THE DOCTRINE OF RES JUDICATA KEENAN'S CLAIM FOR RELIEF, THUS VIOLATING KEENAN'S CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE FIFTH, SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTIONS 10, 16, ARTICLE I, OHIO CONSTITUTION. (PETITION TO VACATE CONVICTION AND SET ASIDE SENTENCE; PROPOSED AMENDED PETITION TO VACATE OR SET ASIDE SENTENCE; TRIAL COURT'S NOVEMBER 13, 1997 JUDGMENT ENTRY; SENTENCING T. 8-9. MOTION FOR NEW TRIAL T. 14, 17).
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN IT DENIED KEENAN'S POST-CONVICTION PETITION WITHOUT HOLDING AN EVIDENTIARY HEARING, THUS VIOLATING KEENAN'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
In the first assignment of error, appellant argues that the trial court erred by dismissing appellant's motion to amend his original petition. The original petition had been denied by the trial court without an evidentiary hearing before the motion to amend had been filed. Accordingly, the petition could not be amended after final judgment and the trial court properly considered the motion to amend as a successive petition. Pursuant to R.C. 2953.21(A)(4), except as noted in R.C. 2953.23, any ground for relief not stated in an original petition is waived. R.C.2953.23 provides exceptions for (1) evidence upon which the petitioner was unavoidably prevented from discovery that he must rely upon in his petition, (2) new state or federal right that applies retroactively to the petitioner or (3) but for constitutional error, there is clear and convincing evidence that the petitioner would not have been found guilty. The record shows that none of these exceptions apply.
The single issue raised in the successive petition is that appellant's trial counsel was ineffective by failing to call appellant to testify. Appellant claims in his affidavit that he was willing to testify and "only dropped the issue when [appellant's trial counsel] assured me that ten (10) lesser included offenses would be part of the jury's charge at the conclusion of the case. As it turned out the charge did not contain the lesser offenses"
In appellant's original pro se petition, he briefly attempted to raise this issue, albeit without any documentary support. Appellant states in page nine of his petition under Claim Number Four, Ineffective Assistance, Section IIB, that "[l]ies on lesser includes from judges and prosecutor and misconduct to keep me off the stand. Counsels misrepresentation to client and duty to cooperate and, a conflict of interest with counsel and the prosecutor." [sic] There are two logical ways to characterize this statement: (1) appellant raised the issue in the original petition or (2) appellant failed to raise the issue in any meaningful way. In our view, the claim in the successor petition was properly dismissed under either interpretation of the original petition.
If the claim was raised in the initial petition, it was properly dismissed by the trial court as wholly undocumented and therefore lacking the sufficient cogency necessary to justify an evidentiary hearing. State v. Jackson (1980), 64 Ohio St.2d 107; Statev. Marcum (July 27, 1998), Butler App. No. CA96-12-266, unreported. Therefore, the issue is res judicata. If the claim was not raised, it could have been raised in the first appeal and since none of the exceptions of R.C. 2953.23 apply, the claim was waived. R.C. 2953.21(A)(4). Appellant is not entitled to relitigate a claim solely because his initial petition was filedpro se and he failed to follow the necessary procedure to assert a claim for postconviction relief. See, e.g., State v. Colombo
(1995), 73 Ohio St.3d 306, 306-07 (appellant's failure to raise ineffective assistance of counsel claim on pro se direct appeal to the Supreme Court of Ohio barred reopening appeal with the court of appeals pursuant to App.R. 26[B]). Accordingly, the first assignment of error is over ruled. By virtue of our decision on the first assignment of error, the second assignment of error is necessarily overruled as moot.
Judgment affirmed.
WALSH and VALEN, JJ., concur.