PITTS, APPELLEE, *v.* OHIO DEPARTMENT
OF TRANSPORTATION, APPELLANT, ET AL.

[Cite as Pitts v. Dept. of Transportation (1981),
67 Ohio St. 2d 378.]

(No. 80-1184—Decided July 29, 1981.)

*Mr. Herschel M. Sigall,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. Donald J. Guittar* and *Mr. Harry N. Kandel,* for appellant.

LOCHER, J.

## I.

Appellant, in its first three propositions of law, raises procedural issues which will be consolidated for discussion herein.

The eye of the controversy herein centers upon the status and application of the motion for reconsideration in the trial court, which was filed after a final judgment. The issue is further heightened herein, when an appeal to the Court of Appeals was filed during the pendency of that same motion for reconsideration.

Interpretation of the Rules of Civil Procedure and practical considerations warrant our determination that motions for reconsideration of a final judgment in the trial court are a nullity. Therefore, the appellant's first three propositions of law are without merit.

At first blush, it is noted that motions for reconsideration are not allowable either expressly or impliedly in the trial court after a final judgment.[1]

---

[1] Interlocutory orders are subject to motions for reconsideration, whereas judgments and final orders are not. This court is specifically denying motions for reconsideration in the trial court only after final judgments.

Civ. R. 54(B) allows for a reconsideration or rehearing of interlocutory orders. The rule, when discussing interlocutory orders, states, in pertinent part, that they are

Civ. R. 60(B), in pertinent part, simply states that: "The procedure for obtaining any relief from a judgment *shall be by motion as prescribed in these rules.*" (Emphasis added.)

Succinctly stated, the Rules of Civil Procedure specifically limit relief from judgments to motions expressly provided for within the same Rules. A motion for reconsideration is conspicuously absent within the Rules. Rather the Civil Rules do allow for relief from final judgments by means of Civ. R. 50(B) (motion notwithstanding the verdict), Civ. R. 59 (motion for a new trial), and Civ. R. 60(B) (motion for relief from judgment).

Without a specific prescription in the Civil Rules for a motion for reconsideration, it must be considered a nullity. Furthermore, App. R. 4(A) expressly provides that a notice of appeal must be filed within 30 days of the filing of the entry of judgment appealed from.

App. R. 4(A) also allows for the tolling of the time to file an appeal. In pertinent part, it states:

"The running of the time for filing a notice of appeal is suspended as to all parties by a timely motion filed in the trial court by any party pursuant to the Civil Rules hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of the last of any of the following orders made upon a timely motion under such rules granting or denying a motion (1) for judgment under Rule 50(B); (2) for a new trial under Rule 59.* * *"

Only a Civ. R. 50(B) motion or a Civ. R. 59 motion will suspend the time for filing a notice of appeal. There is no mention of a motion for reconsideration after a final judgment, and none should be inferred.

This court is not fashioning a new interpretation by the foregoing, but rather it has advanced this same policy on various occasions. *William W. Bond, Jr. and Assoc.* v. *Airway Development Corp.* (1978), 54 Ohio St. 2d 363, and *Kauder* v. *Kauder* (1974), 38 Ohio St. 2d 265. See, also, Browne, The

---

"subject to revision at any time before the entry of judgment adjudicating the claims and the rights and liabilities of all the parties." Therefore, a motion for reconsideration would be the proper procedural vehicle for obtaining relief after interlocutory orders.

For further discussion of this matter, see Browne, 13 Akron Law J. 313, fn. 136.

Fatal Pause—Summary Judgment and the Motion for Reconsideration, 44 Cleve. Bar J. 7.

Practical considerations also mandate and support our determination herein. Once again, this court as well as the lower courts are left in a procedural quagmire of trying to elevate a motion for reconsideration after a final judgment to the status of a motion for a new trial or as a motion for a directed verdict or the like. The courts have had the arduous task of trying to inspect each and every motion for reconsideration which is filed in the trial court after a final judgment, and try to decipher form over substance. This is a costly procedure, both financially and in manual labor, which, as in the present cause, results in a procedural morass which clouds the merits. Complications concerning the timeliness of appeal and whether the Court of Appeals is vested with jurisdiction when a motion for reconsideration is filed after a final judgment can and should be avoided. See Judge Krenzler's concurring opinion in *North Royalton Edn. Assn.* v. *Bd. of Edn.* (1974), 41 Ohio App. 2d 209, at 251.

The application for a motion for reconsideration after a final judgment is simply a legal fiction created by counsel, which has transcended into a confusing, clumsy and "informal local practice." See *Kauder, supra,* and Kent, Odds & Ends, 49 Cleve. Bar J. 280.

Therefore, based upon the foregoing, we hold that the motion for reconsideration of the May 24 ruling will not lie and all judgments or final orders from said motion are a nullity. Fortunately, appellee appealed this cause to the Court of Appeals within 30 days of the May 24 ruling, which vested that court with jurisdiction to entertain the cause on the merits.

## II.

Having determined that the Court of Appeals had jurisdiction over the merits, our discussion now focuses upon the trial court's judgment entry dated May 24, 1979, which, in essence, stated that job abolishment actions are not appealable from the board of review to the Court of Common Pleas.

Appellant, in its fourth and fifth propositions of law, asserts, in essence, that in job abolishment actions there is no right of appeal to the Court of Common Pleas from the board

of review. We find no merit in these propositions of law and, thereby, affirm the judgment of the Court of Appeals.

The Court of Appeals came to a result contrary to that of the Court of Common Pleas, finding that, in the interest of justice, R. C. 119.12 should be invoked to allow appeals to the Court of Common Pleas in job abolishment cases.

Appellant is correct in its assertion that R. C. 124.34 does not specifically provide for the allowance of an appeal from a job abolishment action, but rather that section is limited to matters concerning removal or reduction in employment for *disciplinary reasons.*

Yet, this court has also quite clearly stated that R. C. 119.12 does confer a right of appeal to a party who has obtained an adverse decision concerning a *layoff. State, ex rel. Kendrick,* v. *Masheter* (1964), 176 Ohio St. 232, and *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41.

The second paragraph of the syllabus in *Kendrick, supra,* reads as follows:

"An order of the State Personnel Board of Review issued on appeal from a final decision of an appointing authority relative to layoff is appealable to the Court of Common Pleas of Franklin County pursuant to the provisions of Section 119.12, Revised Code."

The Court of Appeals determined that, since it is procedurally proper to allow appeals from the board of review in layoff matters, the same should hold true with job abolishment actions. We agree with that rationale and find no logical distinction between layoff and job abolishment actions. Based upon the strength of *Kendrick* and *Osborn, supra,* R. C. 119.12 does confer a right of appeal from the board of review.

The trial court's judgment entry of May 24, 1979, never reviewed the merits of the cause but rather improperly dismissed the cause for lack of subject-matter jurisdiction.[2]

---

[2] The trial court's judgment entry of the denial of the motion to reconsider, filed June 26, 1979, did state that the State Personnel Board of Review's decision was supported by reliable substantive and probative evidence in the record. Yet, as stated above, this motion for reconsideration and any order from said motion will not lie and must be considered a nullity.

Therefore, the only order the trial court properly made was the initial judgment entry of May 24, 1979, which did not properly review the record, and thus becomes cause for remand.

Therefore, this cause is remanded to the trial court so that, pursuant to R. C. 119.12, it may review the record and determine if the decision of the board of review is supported by reliable, probative and substantial evidence and in accordance with law.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, MAHONEY, SWEENEY and C. BROWN, JJ., concur.

HOLMES, J., dissents.

MAHONEY, J., of the Ninth Appellate District, sitting for P. BROWN, J.

HOLMES, J., dissenting. I dissent in that it is my view that it was not the intent of the General Assembly to grant an appeal to the Court of Common Pleas of an employee's job abolishment. It is true that such a review may, by virtue of R. C. 124.03, be had in the State Personnel Board of Review, but such section does not provide an appeal to the Court of Common Pleas on the issue of the abolishment of a position.

Even though this court held in *State, ex rel. Kendrick*, v. *Masheter* (1964), 176 Ohio St. 232, and *State, ex rel. Osborn*, v. *Jackson* (1976), 46 Ohio St. 2d 41, that a right of appeal to the Court of Common Pleas is provided an employee under R. C. 119.12 in a decision involving a layoff, this is not a reasonable basis for extending such appeal to a job abolishment. Such a determination concerning the basis of the abolishment of a job is quite separate and apart from the consideration of a case involving a layoff, which is reasonably within the legislatively intended realm of the removal or reduction in pay of an employee for disciplinary reasons.

I would reverse the Court of Appeals, and hold that the trial court was correct in its determination that it had no jurisdiction of this appeal.