OPINION
This is an appeal from the Geauga County Court of Common Pleas, Juvenile Division. Appellant, Megan Tokich, appeals from a judgment entry overruling her motion requesting the trial court to reconsider its ruling that she violated R.C. 4509.101, Ohio's Financial Responsibility Act.
On September 15, 1996, appellant, then fifteen years of age, received citations for failing to obey a traffic light, R.C.4511.12, and for operating a motor vehicle without an operator's license, R.C. 4507.02(A)(1). Pursuant to the magistrate's decision filed on October 17, 1996, appellant pleaded true to both charges, and was fined $100 on the R.C. 4507.02(A)(1) offense, and $35 on the R.C. 4511.12 charge. Additionally, the magistrate suspended indefinitely appellant's right to apply for a driver's license. The trial court adopted the magistrate's decision. In another order filed on October 17, 1996, the trial court held that appellant had failed to present proof of financial responsibility pursuant to R.C. 4509.101, suspended appellant's operator's license for ninety days,[1] and notified the Bureau of Motor Vehicles of the violation under R.C. 4509.101.
On May 6, 1997, appellant's parents filed a motion in behalf of appellant requesting the court to permit appellant to apply for a driver's license and further requesting the court "to reconsider its finding that [appellant] was not in compliance with the financial responsibility law of Ohio on the date of her offense, September 15, 1996." Accompanying that motion, appellant attached documents which appear to be statements verifying the insurance coverage of appellant's parents. In a judgment entry filed on May 7, 1997, the trial court ordered that appellant's right to apply for a driver's license be reinstated. Furthermore, the court overruled appellant's request to reconsider its prior finding of appellant's violation of R.C. 4509.101. Appellant filed her notice of appeal on June 3, 1997, and asserts the following sole assignment of error:
 "The Juvenile Court erred to the prejudice of the juvenile appellant in denying her motion for reconsideration that she was in violation of the Ohio Financial Responsibility Law under [R.C. 4509.101]."
Appellant's only argument before this court is that the trial court erred in overruling her motion for reconsideration. Initially, we note that a motion for reconsideration is a nullity in a court of original jurisdiction such as the court of common pleas, juvenile division. State v. Spillman (Nov. 18, 1991), Muskingum App. No. CA 91-13, unreported, at 1-2, 1991 Ohio App. LEXIS 5650. See, also, Pitts v. Dept. of Transp. (1981), 67 Ohio St.2d 378;State ex rel. Pajestka v. Faulhaber (1977), 50 Ohio St.2d 41. The trial court was not required to consider the merits of the motion for reconsideration, and, therefore, the motion was properly overruled.
Since the motion for reconsideration was a nullity, the only judgment with respect to the R.C. 4509.101 violation from which appellant could have appealed was the October 17, 1996 judgment entry. Appellant filed her notice of appeal on June 3, 1997, which is well beyond the thirty-day time limit set forth in App.R. 4(A). Accordingly, appellant did not timely file her notice of appeal, and hence her appeal would normally be subject to dismissal.
However, in the interest of justice, we will consider the merits of appellant's appeal. Appellant concedes that R.C.4509.101 applies to juvenile traffic offenders pursuant to R.C.2151.356(D), but contends that she fulfilled the requirements of R.C. 4509.101, which states:
 "(B)(1) Any defendant, who is charged with a traffic offense specified in Traffic Rule 13(B) that requires an appearance in court, shall be required to verify the existence of proof of financial responsibility covering the operation of the vehicle at the time of the offense in accordance with section. * * * If the defendant pleads guilty or is found guilty, the court, as part of the sentencing procedures, shall require the defendant to prove that the operation of the motor vehicle was covered by proof of financial responsibility. * * *"[2]
In the present case, when entering her true plea to the charges of operating a vehicle without a driver's license and failure to obey a traffic signal, appellant failed to offer any evidence of financial responsibility. The only such documentation in the record is a purported insurance policy attached to appellant's motion for reconsideration. This document is not properly authenticated, and was not before the court when it determined that appellant failed to demonstrate financial responsibility. Accordingly, appellant's assignment of error is without merit.
For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Geauga County Court of Common Pleas, Juvenile Division, is affirmed.
DONALD R. FORD, PRESIDING JUDGE.
CHRISTLEY, J., and NADER, J., concur.
[1] Appellant did not have an operator's license at the time.
[2] R.C. 4509.101 was amended effective July 1, 1997.