OPINION
Appellant, Joanne Kleinman, a.k.a. Joanne T. Kleinman, appeals from a judgment of the Lake County Court of Common Pleas with respect to a foreclosure proceeding. For the reasons that follow, we affirm the judgment of the trial court in part, reverse in part and remand for further proceedings consistent with this opinion.
The facts pertinent to this appeal are as follows. On June 30, 1997, appellee, Security Federal Savings and Loan ("Security Federal" or the "Bank") filed a complaint seeking the foreclosure of real estate owned by Joanne Kleinman and her husband, H. Leonard Kleinman (collectively referred to as "the Kleinmans"). In its complaint, Security Federal asserted that it was the owner and holder of a promissory note and that, by reasons of default, the Kleinmans owed the sum of $310,495.95 plus interest and late charges. Security Federal alleged that the Kleinmans were also in default on a line of credit totaling $20,047.03 plus interest and late charges. The Bank further alleged that the above promissory note and line of credit were secured by valid mortgage deeds that it held for property owned by the Kleinmans and located at 9818 Mountainview Drive, Waite Hill, Ohio.
On August 6, 1997, Security Federal filed an amended complaint that included the following third-party defendants who may have an interest in the Kleinman property: the Lake County Treasurer; KeyBank; appellee, Michael C. Pilarczyk ("Pilarczyk"); Armond D. Budish ("Budish"), executor of the estate of Herbert Triger; and appellees, Dennis and Teresa M. Wollschleger (the "Wollschlegers"). The action initiated by Security Federal was filed under Lake County Court of Common Pleas Case Number 97-CV-001515, 98-L-098 on appeal.
A second foreclosure action concerning the Kleinman property was filed on August 6, 1997 by appellee, Pilarczyk. In this second action, filed in the trial court under case number 97-CV-001712, 98-L-099 on appeal, Pilarczyk alleged that he obtained a consent judgment against H. Leonard Kleinman in the amount of $50,000 plus interest. Pilarczyk further alleged that pursuant to the agreed judgment, H. Leonard Kleinman executed and delivered a mortgage deed conveying his interest in the premises located at 9818 Mountainview Drive, Waite Hill, Ohio. Pilarczyk included the following third-party defendants to his complaint: Security Federal; KeyBank; appellee, Kenneth J. Polke ("Polke"); Budish; the Wollschlegers; and the Lake County Treasurer.
Based on the actions filed by Security Federal and Pilarczyk, the above named third-party defendants asserted that each had an interest in the real estate subject to foreclosure and filed cross-claims against one or both of the Kleinmans. Relevant to this appeal, Polke alleged that he was due $39,000 plus interest pursuant to the terms of a promissory note signed by H. Leonard Kleinman and secured by a mortgage deed allegedly executed by both of the Kleinmans. The Wollschlegers also filed a cross-claim alleging that they were owed $100,000 plus interest from a promissory note executed by H. Leonard Kleinman. They further alleged that the debt was secured by a mortgage deed. The Kleinmans answered the complaints filed by Security Federal and Pilarczyk as well as a cross-claim filed by KeyBank. The record on appeal contains no answer as to the cross-claims filed by Polke or the Wollschlegers.
On October 24, 1997, the trial court consolidated the two foreclosure actions. On October 31, 1997, a suggestion of death of defendant, H. Leonard Kleinman, was filed with the court. That same day, October 31, 1997, Security Federal filed a motion for summary judgment and, following a title search, claimed that it held the first and second lien on the Kleinmans' property. No brief in opposition to Security Federal's motion was filed. By judgment entry filed January 27, 1998, the trial court granted Security Federal's motion for summary judgment and ordered the Bank to present the court with an appropriate entry within thirty days setting forth the rights of all the parties involved in this action.
On February 23, 1998, Security Federal sent to the court and all interested parties a copy of its proposed judgment entry. In the entry, Security Federal proposed that the court recognize the mortgages it held on the Kleinmans' real estate as valid first and second liens on the property. Security Federal further proposed that the court issue a judgment finding no just cause for delay in awarding it the amount listed in its complaint plus interest and other costs it advanced during the foreclosure proceedings such as taxes, insurance, and property protection. As to the remaining creditors, Security Federal proposed that the court recognize the following amounts owed by the Kleinmans as well as the respective priority of each creditor's lien: $118,944.11 plus interest due to KeyBank and secured by a mortgage deed properly recorded as a valid third lien on the property; $39,000 plus interest due to Polke and secured by a mortgage deed on the Kleinmans' property as a valid fourth lien on the property; $50,000 plus interest due to Pilarczyk and secured by a mortgage deed executed by H. Leonard Kleinman constituting a valid fifth lien on the former undivided half-interest in the property of the defendant, H. Leonard Kleinman; $27,167.19 plus interest to Budish against H. Leonard Kleinman secured by a mortgage deed constituting a valid sixth lien on the former undivided half-interest in the property of defendant, H. Leonard Kleinman; and $100,000 plus interest to the Wollschlegers who held a valid mortgage deed and held a seventh lien on the former undivided half-interest of defendant, H. Leonard Kleinman, and a fifth lien on the undivided half-interest of appellant, Joanne Kleinman.
On March 3, 1998, the trial court formally approved the proposed judgment entry submitted by Security Federal. The following day, March 4, 1998, appellant filed objections to the judgment entry submitted by Security Federal for approval. There is nothing in the record to suggest that the parties were provided with a mechanism from which to approve or file objections to the proposed judgment entry prior to the court's adoption of said proposal. Thus, appellant's "objections," filed after the issuance of a court's final order amounted to nothing more than a motion for reconsideration that, we have repeatedly warned, will not toll the time in which an appeal can be filed. See, e.g.,Pitts v. Dept. of Transp. (1981), 67 Ohio St.2d 378. On April 9, 1998, the trial court denied appellant's objections and stated that its judgment of foreclosure entered on March 3, 1998, remained in "full force and effect." The property was subsequently sold on June 1, 1998, for $360,000.
On May 1, 1998, appellant filed an appeal from the trial court's final judgment in this matter. On September 3, 1998, this court sent appellant a default notice indicating that her notice of appeal appeared to be filed late pursuant to App.R. 4(A) and Loc.R. 5(B) of the Eleventh District Court of Appeals. Appellant responded to our inquiry and an inspection of the trial record and appearance docket indicated that appellant was not properly served with a copy of the March 3, 1998 trial court entry. By judgment filed November 12, 1998, this court remanded this matter for a period of five days for the clerk of the trial court to properly serve the parties with a copy of the March 3, 1998 entry in this matter pursuant to Civ.R. 58(B). The trial court clerk subsequently accomplished service of the trial court's final order in this matter and this appeal proceeded according to rule.
In her sole assignment of error, appellant asserts as follows:
 "[1. The] trial court erred when it granted judgment of the Complaint filed by Pilarczyk and the cross-claims filed by Polke and Wollschleger's against Joanne Kleinman because the Complaint failed to state a cause of action against Joanne Kleinman and the cross-claims failed to mention and demand judgment for relief against Joanne Kleinman."
Before reaching the merits of appellant's assignment of error, we note that no error has been alleged as to the trial court's granting of summary judgment to Security Federal. By all accounts, Security Federal was entitled to have the Kleinmans' real estate foreclosed upon and recoup whatever amounts were due to it from the sale of the property. There is also no dispute as to the trial court's handling of the cross-claims made by the Lake County Treasurer; KeyBank; or Budish. Appellant does not dispute the judgment issued as to these above named parties.
Appellant does, however, claim error as to the trial court's judgment with respect to Pilarczyk, Polke, and the Wollschlegers. Specifically, appellant claims that these three parties failed to state a cause of action against "Joanne Kleinman" sufficient to provide her with notice of their underlying claims. While appellant acknowledges that Polke and the Wollschlegers attached copies of mortgage deeds they held which were purportedly signed by "Joanne Kleinman," she now claims for the first time on appeal that these documents do not contain her "true signature." She further notes, and none of the parties dispute, that the caption of the cross-claims filed by Polke and the Wollschlegers fail to list her as a party to their causes of action.
As to the complaint filed by Pilarczyk, we note that absolutely no claim was made as to appellant's undivided half-interest in the property by Pilarczyk. In its judgment entry of March 3, 1998, the trial court specifically held that the debt owed to Pilarczyk was secured by a mortgage deed executed by appellant's late husband and constituted a valid fifth lien of the undivided half-interest in the property of defendant, H. Leonard Kleinman. Thus, there is no basis for appellant to claim that the court erred in granting judgment against "Joanne Kleinman" when the entry with respect to the Pilarczyk claim clearly concerned only her late husband's interest in the property. As to this alleged error, we affirm the judgment of the trial court.
Turning to the errors appellant raises with respect to the judgment rendered against her by Polke and the Wollschlegers, we have grave concerns over the trial court's handling of this foreclosure proceeding. As previously noted, only Security Federal filed a motion for summary judgment as to its claims that, as the parties concede, were properly granted. No other creditor sought judgment, either through Civ.R. 56 or by default. Furthermore, as to the cross-claims asserted by Polke and the Wollschlegers, their third-party complaints failed to specifically list Joanne Kleinman in the caption of their complaints as required by Civ.R. 10(A). Specifically, Civ.R. 10(A) provides as follows:
 "Every pleading shall contain a caption setting forth the name of the court, the title of the action, the case number, and a designation as in Rule 7(A). In the complaint the title of the action shall include the names and addresses of all the parties * **."
The trial court only made a judicial determination that Security Federal was entitled to summary judgment. Neither Polke nor the Wollschlegers requested a similar judgment and we find error in the trial court's decision to permit Security Federal to determine the amount entitled to be received from these third party defendants. Basic due process demands that the Kleinman's, including appellant, be afforded notice of the basis for the trial court's decision to enter judgment in favor of Polke and the Wollschlegers. In the same vein, the cross-claims asserted by Polke and the Wollschlegers failed to specifically name Joanne Kleinman in their third-party complaints as requited by Civ.R. 10(A). As the Tenth Appellate District succinctly stated in Heine v. Crall (May 18, 1993), Franklin App. No. 93AP-65, unreported:
 "It is essential that a defendant be put on notice that it is a party to an action. Otherwise, the rights of defendants could be substantially prejudiced. The purpose of the complaint and the Civil Rules that pertain to pleadings, is to clearly and succinctly state the causes of action and theories for recovery. In order for a defendant to timely move or respond, the caption of the complaint must make it clear that such a defendant is a proper party and is named as a defendant in the action. It was not [the defendant's] duty, under the Civil Rules, to peruse the body of the complaint and try to determine whether or not [he or she] was a defendant."
Based on the foregoing, appellant's sole assignment of error has merit in part. The judgment of the trial court is affirmed in part, reversed in part and remanded for further proceedings consistent with this Opinion.
FORD, P.J., CHRISTLEY, J., concur.