OPINION
On October 12, 1995, Holly Deeds was operating a motor vehicle owned by her father, John Deeds. Appellee, Leslie Farmer, was a passenger in this vehicle. Ms. Deeds swerved to avoid an unidentified vehicle that had crossed the center line. As a result, Ms. Deeds drove off the roadway and struck a utility pole. Appellee sustained serious injury to her right arm. Ms. Deeds was insured through a policy her father held with appellant, Grange Mutual Casualty Company. This policy contained liability coverage in the amount of $250,000 per person and $500,000 per accident. The policy contained uninsured/underinsured coverage in the same amounts. Appellant paid appellee $250,000 pursuant to the policy's liability coverage. On January 3, 1997, appellee, together with her parents, filed a complaint against Ms. Deeds, her parents, appellant, and others, alleging negligence and seeking uninsured/underinsured motorist benefits. Both parties to the instant appeal filed a motion for summary judgment. On May 29, 1998, the court denied appellee's motion and granted appellant's motion, finding the amended version of R.C. 3937.18 applied in the instant case, and Savoie vs. Grange Mutual Insurance Company (1993), 67 Ohio St.3d 500, did not apply. On direct appeal to this court, we reversed and remanded, finding that the policy was a two-year policy. We directed the trial court to consider the contract as a two-year policy and to determine the date of the insurance contract. On remand, the court entered summary judgment in favor of appellee, finding that the effective date of the policy was March 19, 1994, when the policy limits were changed and, therefore, Savoie, supra, was applicable. In a May 4, 1999 Memorandum of Decision, the Judge explains his reasons and sets forth the applicable policy limits. While the court concludes the judgment with the language "It is so ordered," he orders appellee to prepare a judgment entry to follow. On May 12, 1999, a judgment entry is filed in accordance with the previous Memorandum of Decision. The judgment improperly refers to the insurance company as "Westfield" rather than appellant, but is served on counsel for appellant. Although the case is to proceed on trial for damages, this entry does not include the "no just cause for delay" language found in Civ.R. 54(B). On June 3, 1999, appellant filed a motion for reconsideration on three bases: (a) the Judge was wrong on the merits of the case, (b) the judgment should be amended to name the defendant Grange rather than Westfield, and (c) the May 12, 1999 entry needed Civ.R. 54(B) language to make it appealable. On July 2, 1999, the court filed an entry overruling the motion to reconsider on the merits. In this entry, the court stated that his prior judgment would be amended to change the name to "Grange." While he includes Civ.R. 54(B) language on the July 2, 1999 order, he does not amend the May 12, 1999 to include such language. On July 30, 1999, appellant filed a Notice of Appeal from the July 2, 1999 judgment. The July 2, 1999 order is not a final appealable order. A motion for reconsideration of a final judgment in the trial court is a nullity. Pitts vs. Ohio Department of Transportation (1981), 67 Ohio St.2d 378, 379. While arguably such motion will lie in the instant case because the May 12, 1999 judgment did not include Civ.R. 54(B) language and, therefore, was not a final appealable order, the July 2, 1999 judgment overruling the motion to reconsider the prior order does not determine the issue between the parties to the instant appeal. Rather, the court explains briefly why he feels his prior decision was correct. However, the judgment does not determine the action between these parties, and does not rule on the amount of coverage available. Further, the court does not amend the May 12, 1999 judgment to include Civ.R. 54(B) language and, therefore, does not render the May 12, 1999 final. As the judgment appealed from is not an appealable order, and does not include language to amend the May 12, 1999 order to make that order final, the appeal is dismissed for lack of jurisdiction.
By: Reader, V.J. Wise, P.J. and Edwards, J. concur.