OPINION
This is an appeal from the Chardon Municipal Court. Appellant, Donald Haueter, appeals the trial court's entry reviving judgment in favor of appellee, Patricia Haueter.
The record reveals that on April 13, 1998, appellee filed a complaint in the Chardon Municipal Court in which she alleged that appellant refused to pay the balance of the amount owed on a cognovit note that he signed on July 20, 1994. The complaint averred that appellant signed a note in favor of appellee in the amount of $10,000. Appellant answered the complaint on June 17, 1998. On September 8, 1998, appellant filed a pretrial statement claiming that he was entitled to a setoff in the amount of $9,100 because he: (1) already paid appellee $2,000; (2) gave appellee a $4,000 car; and (3) purchased from an estate for appellee $3,100 in furniture and personal effects.
A hearing was held on March 10, 1999, before the magistrate. On March 12, 1999, the magistrate issued the following findings: (1) in July 1994, appellee loaned appellant $10,000; (2) appellant paid appellee $2,000 on March 13, 1995; (3) appellant paid appellee $3,100 on February 7, 1997, by paying an obligation appellee owed to the estate of her mother, Irene Haueter ("Irene"); (4) appellee lived at Irene's home on weekends and summers until she retired, then she moved in with Irene permanently; (5) appellee paid the taxes and insurance on Irene's home since the time Irene became ill; and (6) appellee did not take title to the home from the estate until July 1998.
The magistrate also found that appellant wanted an offset for snowplowing, roof work, and foundation work that his company performed at Irene's home, but since no invoices were sent to appellee, this work was considered a gift. As far as the $4,000 appellant claims appellee owes him for the car, the magistrate found that appellee never claimed to buy it. Further, appellee did not sign the application for title until March 1998. The magistrate concluded that appellant failed to establish any offsets for which he has the burden to prove. Thus, after applying $5,100 against the noted indebtedness, the magistrate determined that appellant owed appellee $7,107.90 as of February 7, 1997, plus interest from that date.
On April 13, 1999, appellant filed objections to the magistrate's findings.[1] In the record there was a letter from the magistrate to appellant's and appellee's attorneys dated April 14, 1999, stating that he "checked the tape of the [instant] action and, * * * there [was] no audio." In that letter, the magistrate apologized and hoped it would not be "too involved for [them] to submit an agreed statement of facts."
On May 6, 1999, the trial court adopted the findings of the magistrate and entered judgment in favor of appellee. Thereafter, on May 19, 1999, appellant filed a "Motion for Reconsideration and for a New Trial," arguing that the trial court incorrectly adopted the magistrate's decision. On May 25, 1999, the trial court overruled appellant's motion for a new trial, but granted the request to vacate its order of May 6, 1999. On that same date, appellee filed a "Motion to Strike/Motion to Dismiss, and Brief in Response to Motion for Reconsideration and for New Trial." Subsequently, on May 28, 1999, appellee filed a motion for reconsideration requesting that the trial court reconsider its May 25, 1999 entry. In a judgment entry dated June 7, 1999, the trial court vacated its May 25, 1999 entry and revived its May 6, 1999 entry because appellant "filed his objections on April 13, as opposed to April 9, which April 9 date was an extension of the time allowed to so file." The court also found that appellant "could have filed an affidavit if no transcript [was] available." Appellant timely filed the instant appeal and now asserts the following as error:
 "The trial court erred to the prejudice of [appellant] when it reinstated its May 6, 1999 judgment entry."
 Appellant's sole contention is that the trial court erred by reinstating its May 6, 1999 entry adopting the magistrate's decision without the benefit of a transcript.
Here, although appellant filed a "Motion for Reconsideration and for a New Trial," the trial court treated appellant's motion to reconsider as a Civ.R. 60(B) motion, and therefore, vacated the trial court's May 6, 1999 entry and overruled appellant's motion for a new trial. Appellant resubmitted his argument to the trial court regarding the denial of his motion for a new trial. Appellee then filed a motion for the court to reconsider its vacation of its May 6, 1999 entry. Thereafter, on June 7, 1999, the trial court revived its May 6, 1999 entry in appellee's favor.
Preliminarily, we note that appellant filed a notice of appeal on June 21, 1999. Appellant's docketing statement references allegations of the denial of his motion in part for a new trial filed on May 19, 1999, with respect to the trial court's entry of May 6, 1999, granting judgment in favor of appellee. The docketing statement averments indicated appellant was attaching the trial court's denial of his motion based "on an irregularity in the proceeding, namely because the trial court did not keep a record of the proceedings, [appellant] was precluded from properly objecting to the Magistrate's decision based on the weight of the evidence." However, since appellant's assignment of error and his underlying arguments focus on the judgment rendered in the June 7, 1999 entry, we will assume that appellant also meant to appeal that entry, but failed to attach it to his notice of appeal. Therefore, even though appellant only attached the May 25, 1999 entry to his docketing statement, in the interests of justice, we will address the merits of appellant's assignment of error.
A motion for reconsideration is a nullity in a court of original jurisdiction after judgment. Pitts v. Dept. of Transp.
(1981), 67 Ohio St.2d 378, 380. A trial court is not required to consider the merits of a motion for reconsideration. In re Tokich
(Mar. 20, 1998), Geauga App. No. 97-G-2068, unreported, at 3. Yet, in the case at hand, the trial court decided to vacate its judgment after appellant filed his motion for reconsideration on May 19, 1999. The trial court interpreted appellant's May 19, 1999 motion as a Civ.R. 60(B) motion, and thus, vacated its May 6, 1999 entry.
Subsequently, appellee filed a motion for reconsideration, which we will determine the trial court interpreted as a 60(B) motion. The trial court proceeded to grant appellee's motion on the grounds that: (1) appellant's objections to the magistrate's decision were not timely filed, (2) appellant could have filed an affidavit if no transcript was available, and (3) appellant was arguing manifest weight of the evidence, but the magistrate had "ample grounds to decide that the car was not sold to [appellee]."
It is our view that even though appellant filed objections to the magistrate's decision on April 13, 1999, instead of April 9, 1999, appellee never responded to the objections or claimed that the objections were filed untimely. The trial court did not adopt the magistrate's decision until May 6, 1999. Since appellee had ample time to file a response to the objections appellant filed and challenge the procedural error, that issue is waived. Allenv. Allen (June 26, 1998), Trumbull App. No. 97-T-0114, unreported, at 4, fn. 3. Hence, we conclude that the trial court erred in granting appellee's motion to reconsider on that ground, but any error that occurred was harmless.
Nonetheless, appellant's argument fails since he is claiming that the magistrate's findings of fact were contrary to the weight of the evidence. Appellant should have included in the record all evidence relevant to such a finding or judgment. "`With respect to Civ.R. 53, this court has repeatedly held that a party cannot challenge on appeal the factual findings contained in a magistrate's report unless that party submits the required transcript or affidavit. * * *'" Simms v. Simms (Mar. 27, 1998), Portage App. No. 97-P-0005, unreported, at 11, quoting Pawlowskiv. Pawlowski (Aug. 22, 1997), Lake App. No. 96-L-144, unreported, at 3-4. If the complaining party does not submit the transcript or affidavit, then that party is precluded from arguing the factual determination on appeal and waives any claim that the trial court erred in adopting the magistrate's factual finding.Pawlowski, supra, unreported, at 4. Civ.R. 53(E)(3)(b) states that an affidavit of evidence may be used if a transcript is unavailable.
Here, appellant failed to file a transcript or an affidavit. Rather, appellant claimed that the trial court erred in reviving its judgment as the magistrate did not record the proceedings as required by Civ.R. 53(D)(2). Appellant cites Moyers v. Moyers
(June 18, 1999), Ashtabula App. No. 98-A-0080, unreported, in support of this proposition. In Moyers, this court stated that:
 "`This court notes that it has made it abundantly clear to the judges of this trial court that a renewed practice of not providing a formal record of the proceedings before magistrates of that court would not be countenanced, except under the most narrow of justifiable circumstances, viz. the unknown malfunction of an official reporting device. * * *' (Emphasis sic.)" Id. at 6, quoting Swarmer v. Swarmer (Dec. 18, 1998), Trumbull App. No. 97-T-0212, unreported, at 4-5.
 In the case at bar, the record reveals that the magistrate failed to properly record the hearing and later realized that there was no audio, so he advised the parties and suggested that an agreed statement of facts be submitted, which appellant did not pursue. The magistrate's recording constituted an unknown malfunction of an official reporting device pursuant to Moyers. Hence, the trial court did not err in reviving its May 6, 1999 entry. It may have erred in considering the timeliness of appellant's objections as one of the reasons for its decision, but that error was, at best, harmless.
Based on appellant's failure to satisfy the procedural requirements of Civ.R. 53, appellant was unable to demonstrate the error. Therefore, we conclude that the trial court was justified in adopting the magistrate's decision, granting appellee's motion for reconsideration, and reviving its May 6, 1999 entry.
For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of Chardon Municipal Court is affirmed.
 ______________________________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.
[1] On March 17, 1999, appellant filed a motion for an extension of time within which to file his objections to the magistrate's decision. On that same date, the trial court granted appellant an extension until April 9, 1999. However, appellant did not submit his objections until April 13, 1999.