JOURNAL ENTRY AND OPINION
{¶ 1} In this consolidated appeal, defendant-appellant Katia Abboud appeals (Case No. 80325) from the judgment entered pursuant to a jury verdict finding her guilty of kidnapping and coercion and the State appeals (Case No. 80318) from the judgment of the trial court granting Abboud's motion for reconsideration and dismissing the gun specification. Abboud was indicted along with her husband, co-defendant Michel Abboud. For the reasons that follow, Case No. 80318 is affirmed and Case No. 80325 is reversed and remanded for a new trial.
 {¶ 2} The facts relevant to this appeal have been set out in the companion case of State v. Abboud (Aug. 29, 2002), Cuyahoga App. No. 80251, and need not be repeated herein. In that case, we dealt with an assignment of error challenging, as to Michel Abboud, the jury instruction that he and his wife were accomplices and that their testimony should be viewed with great caution and grave suspicion. We found this assignment to be dispositive and reversed and remanded the case for a new trial. Much of the reasoning set forth therein is applicable to the instant defendant and, to such extent, we adopt the reasoning therein as though fully set forth herein.
 {¶ 3} Accordingly, we find that the accomplice instruction violated Abboud's right to testify in her own behalf because it unfairly singled her out and allowed the jury to judge her credibility in a different manner and weight than they would judge the credibility of other witnesses. Id. Our disposition moots any consideration of the remaining assignments of error. See App.R. 12(A)(1)(c).
 {¶ 4} Judgment reversed and remanded in Case No. 80325.
THE STATE'S APPEAL (Case No. 80318)
 {¶ 5} "I. The trial court abused its discretion in granting appellant's motion for reconsideration."
 {¶ 6} On June 16, 2000, Abboud was found guilty by a jury of coercion and kidnaping with a gun specification. On June 30, 2000, Abboud filed a motion for judgment of acquittal or, in the alternative, a motion for a new trial requesting a dismissal of the gun specification since there was no evidence presented that a firearm was used for the offenses for which Abboud was indicted and tried. On July 25, 2001, the trial court denied this motion.
 {¶ 7} On August 31, 2001, the trial court reconsidered its prior ruling and dismissed the gun specification. It is from this decision that the State appeals arguing that the trial court's order granting the motion for reconsideration is a nullity.[1] We disagree.
 {¶ 8} While motions for reconsideration are not expressly or impliedly allowed in the trial court after a final judgment, interlocutory orders are subject to motions for reconsideration. Pittsv. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 379. The denial of a motion for judgment of acquittal prior to final sentencing is an interlocutory order. Accordingly, the trial court was permitted to "revisit" the order that denied Abboud's motion for acquittal.
 {¶ 9} Because the order denying the motion for acquittal was not a final judgment, we find no merit in the State's assertion that Abboud's motion for reconsideration was a nullity.
 {¶ 10} The State's sole assignment of error is overruled.
 {¶ 11} Case No. 80318 is affirmed; Case No. 80325 is reversed and remanded for a new trial.
 {¶ 12} [Case No. 80318] It is ordered that appellee recover of appellant her costs herein taxed.
[Case No. 80325] It is ordered that appellant recover of appellee her costs herein taxed.
The Court finds there were reasonable grounds for these appeals.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and TERRENCE O'DONNELL, J., CONCUR.
[1] The State is not arguing the merits of Abboud's motion to reconsider.