OPINION
{¶ 1} Goldfinger, Inc., appeals from the trial court's decision, order and entry overruling a magistrate's decision and entering final judgment in favor of appellee Michael Murray in this breach of contract action.
 {¶ 2} Goldfinger advances two assignments of error on appeal. First, it contends the trial court erred in not following the plain language of the parties' contract. Second, Goldfinger claims the trial court erred in finding it in default for non-performance of the contract.
 {¶ 3} The record reflects that the parties entered into a written contract for Goldfinger to purchase a liquor license from Murray for $5,000. The liquor license expired, however, before the parties completed the transaction. Following the expiration of the license, Murray filed the present action, seeking damages for Goldfinger's non-performance under the contract. The matter proceeded to trial before a magistrate. On July 7, 2000, the magistrate filed a decision in favor of Goldfinger and against Murray on the breach of contract action. (Doc. #13). On Monday, July 31, 2000, the trial court noted that no objections had been filed by either party. As a result, the trial court filed a judgment entry adopting the magistrate's decision, entering final judgment in favor of Goldfinger, and dismissing Murray's complaint with prejudice. (Doc. #14). Thereafter, on Thursday, August 3, 2000, Murray filed objections to the magistrate's decision. (Doc. #16). At that time, he also requested a transcript of the proceedings before the magistrate and moved for an extension of time, until after the filing of the transcript, to submit a memorandum in connection with his objections. (Doc. #17, 18).
 {¶ 4} Despite already having entered final judgment against Murray, the trial court filed an entry on August 3, 2000, sustaining his motion for an extension of time to submit a memorandum in connection with his objections. (Doc. #19). Murray's objections subsequently were briefed by both parties. On June 18, 2002, the trial court filed its decision, order and entry overruling the magistrate's decision and entering final judgment in favor of Murray. (Doc. #35). On July 12, 2002, Goldfinger filed its notice of appeal.
 {¶ 5} In light of the foregoing facts, we find that the trial court lacked jurisdiction to enter the second final judgment from which Goldfinger now appeals. As noted above, the trial court entered final judgment against Murray on July 31, 2000. The record does not reflect that Murray ever moved to have that final judgment vacated pursuant to Civ.R. 60(B) or otherwise. Nor did Murray file a notice of appeal from the trial court's July 31, 2000, final judgment entry. Instead, three days after the trial court's entry of final judgment against him, he filed tardy objections to the magistrate's decision. At that point, however, his complaint had been dismissed with prejudice, and the case had been terminated. In our view, untimely objections filed after the entry of a final judgment are tantamount to a motion for reconsideration, which is a nullity. Pitts v. Ohio Dept. of Transp.
(1981), 67 Ohio St.2d 378, 379. In Pitts, the Ohio Supreme Court recognized that all judgments or final orders flowing from a motion for reconsideration are also a nullity. Id. at 381.
 {¶ 6} In the present case, after the trial court entered final judgment against Murray on July 31, 2000, he could have filed a motion under Civ.R. 60(B) or filed a timely notice of appeal. He failed to do either, however, and the trial court's final judgment entry against him remained in full force. In light of that fact, we can only conclude that the trial court lacked jurisdiction to file a second final judgment entry on June 18, 2002, overruling the magistrate's decision and entering final judgment in favor of Murray. Given that the trial court had entered final judgment against Murray and dismissed his complaint with prejudice nearly two years earlier, we conclude that the trial court's final judgment entry of June 18, 2002, was a nullity.
 {¶ 7} The only viable final judgment entry in this case was filed in favor of Goldfinger on July 31, 2000. Accordingly, we hereby remand this matter to the trial court with instructions to vacate its June 18, 2002, final judgment entry in favor of Murray.
 {¶ 8} Judgment reversed and cause remanded for further proceedings.
WOLFF, J., concurs.