{¶ 9} Judge Brogan has correctly identified the defect in the trial court's judgment of July 12, 2002 from which this appeal was taken. The judgment is void because the trial court's jurisdiction to grant the relief involved terminated when its prior final judgment of July 31, 2000 was entered. But, the objections to a magistrate's decision from which the July 12, 2002 judgment was entered are not, as Judge Brogan writes, "tantamount to a motion for reconsideration, which is a nullity" under the rule of Pitts v. Ohio Dep't of Transportation (1981),67 Ohio St.2d 378. Pitts so held because the Civil Rules contain no provision for a post-judgment motion for reconsideration. But, the Civil Rules expressly provide for objections to a magistrate's decision. Civ.R. 53(E)(3). The fact that the objections were filed late, or even after the court had adopted the magistrate's decision, does not render them a "nullity" under the rule of Pitts. Indeed, were they a nullity the order the trial court entered from the objections would not be a final order, and we would have to dismiss this appeal for our own lack of jurisdiction. Pitts; Kauder v. Kauder (1974), 38 Ohio St.2d 378. Therefore, reliance on Pitts is misplaced and, unfortunately, misleading, though the outcome reached is correct.