{¶ 26} I respectfully dissent from the majority decision in this case.
 {¶ 27} Appellant executed a separation agreement on November 5, 2002. Appellant testified under oath before the trial court that her consent was knowing and voluntary. On February 12, 2003, a final hearing on the legal separation was conducted and a final judgment adopting the separation agreement was issued. On July 13, 2004, in excess of 20 months after the separation agreement was executed and 18 months after the final order adopting the separation agreement was issued, appellant filed a motion to set aside the separation agreement. In the 18 months which elapsed between these events, appellant never appealed the final order of the court or submitted any form of notice to the court that her prior cooperation and consent was allegedly the product of fraud, coercion and duress by appellee.
 {¶ 28} On September 3, 2004, nearly two years after initially executing the now unacceptable, yet finalized, separation agreement, appellant filed a Civ.R. 60 (B) motion for relief from the final separation judgment. On October 13, 2004, the trial court ruled, in relevant part, that appellant's motion was filed "in the wrong case", and denied the motion. On December 7, 2004, the divorce was granted. On January 4, 2005, appellant filed her notice of appeal.
 {¶ 29} On appeal, appellant asserts "the trial court erred and abused its discretion by denying Appellant's Motion to Set Aside the Separation Agreement." The motion to set aside the separation agreement was filed on July 13, 2004, while appellant's separate and distinct Civ.R. 60 (B)motion was subsequently filed on September 3, 2004.
 {¶ 30} The majority concludes the trial court abused its discretion by not conducting an evidentiary hearing on appellant's Civ.R. 60(B) motion. As a preliminary matter, I believe this conclusion impermissibly expands the scope of appellant's actual assignment of error. Appellant explicitly drafted her first assignment of error based upon the motion to set aside the separation agreement. By contrast, the majority roots its analysis in support of its conclusion an abuse of discretion transpired on the basis of the Civ.R.60 (B) motion, not the motion to set aside. Accordingly, I feel this is not within the proper purview of the issue presented for review and cannot legitimately serve as the basis for the reversal.
 {¶ 31} Assuming arguendo the Civ.R.60 (B) motion is properly before us for review, I nevertheless still cannot concur with the majority holding. The majority crafts its analysis on the incorrect premise that appellant's Civ.R.60 (B) motion falls within the scope of sections (3), (4) and (5). I find that the content of the motion belies this argument. The content of appellant's motion is exclusively limited to the parameters of Civ.R.60 (B) (3). The motion wholly arises from allegations of fraud and misconduct by appellee. Thus, regardless of how appellant present and classifies the motion, it must be read as a Civ.R.60 (B) (3) motion. As such, it is subject to a strict one year statute of limitations. The record shows appellant failed to file the motion within one year of the disputed judgment.
 {¶ 32} Even assuming that appellant timely filed her Civ.R.60 (B) motion, assuming it is properly before us under review, and further assuming it is legitimate to view the motion beyond Civ.R.60 (B) (3), under sections (4) and (5), it remains improper. Adopting the majority analysis of appellant's motion fundamentally conflicts with the Supreme Court of Ohio's long honored holding in Pitts v. Ohio Dept. of Transp.
(1981), 67 Ohio St.2d 378. In Pitts, the Supreme Court of Ohio unequivocally announced that it is impermissible to use a Civ.R.60 (B) motion for reconsideration of a final judgment. The court held, "motions for reconsideration of a final judgment in the trial court are a nullity." That is precisely what appellant did. Appellant filed a Civ.R.60 (B) motion to challenge a final judgment tendered on the separation agreement. This motion was filed long after appellant's time to appeal that judgment expired. This motion was filed in lieu of a timely appeal of the final judgment on the separation agreement.