{¶ 20} I concur in judgment only and write separately to address the last two assignments of error.
 {¶ 21} I would overrule the fourth assignment of error because appellant filed a motion to reinstate his appeal at common pleas court. He admits in his brief that he "moved the lower court to reconsider the judgment it entered in this case on October 18, 2005." However, there is no authority allowing for a motion to reconsider a final judgment at the trial court level. Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378. Nor does R.C. 119. 12 provide for such a motion. R.C. 119.12
states that the judgment of the common pleas court shall be final and conclusive unless reversed, vacated, or modified on appeal. Tozzi v.Bureau of Motor Vehicles (June 8, 1978), Cuyahoga App. No. 37495, 1978 Ohio App. Lexis 10445. Therefore, I would affirm the court's denial of such a motion.
 {¶ 22} Watts argues in his fifth assignment of error that the common pleas court erred when it refused to grant his "motion in opposition to strike." He requests that we reverse the court's rulings and permit him to proceed on his administrative appeal. Because we overruled all the other assignments of error, I would find this argument moot. I also agree with ODI's statement in its brief that Watts' argument is nonsensical.