MEMORANDUM OPINION
{¶ 1} On February 15, 2007, appellant, James W. DeLuzia, filed a notice of appeal from a January 16, 2007 judgment of the Portage County Court of Common Pleas. In that entry, the trial court ordered that appellee, Tim R. Koehler's motion to strike appellant's motion for reconsideration was granted. Appellant also filed a request for reconsideration of the decision overruling his objections on November 17, 2006. In his notice of appeal, appellant indicated that in addition to the January 16, 2007 entry, he was appealing the magistrate's decision of June 21, 2006 and the judgment entry *Page 2 
dated October 18, 2006. In the October 18, 2006 order, the trial court granted appellee's petition for a civil stalking protection order against appellant for five years. No appeal was timely filed from that judgment entry.
 {¶ 2} On April 2, 2007, appellee filed a motion to dismiss the appeal. In his motion, appellee contends that appellant's notice of appeal was untimely filed and that appellant's November 17, 2006 motion for reconsideration is a nullity. Thus, appellee posits that the January 16, 2007 judgment entry regarding appellant's motion for reconsideration is not a final, appealable order. Appellant filed a response to the motion to dismiss on April12, 2007.
 {¶ 3} After reviewing the judgments in question, this court must conclude that the October 18, 2006 judgment was a final appealable order because all parties and all claims were disposed of at that time. Accordingly, appellant's attempt to appeal that judgment is untimely pursuant to App. R. 4(A), which states that:
 {¶ 4} "A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 5} In the instant matter, appellant's notice of appeal was filed almost four months after the October 18, 2006 entry. Further, appellant has not indicated that service of the judgment was not made within three days pursuant to Civ. R. 58(B).
 {¶ 6} Additionally, it is well established that the filing of a motion for reconsideration from a final order in the trial court is a nullity.Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378, 381. Therefore, all judgments or orders from *Page 3 
a motion for reconsideration are a nullity. Id. at 381. Hence, there is no judgment that appellant can properly appeal from now. The January 16, 2007 judgment entry of the trial court in the instant cause is a nullity and cannot properly be appealed since the motion for reconsideration and any subsequent rulings does not extend the notice of appeal time.
 {¶ 7} Based upon the foregoing analysis, appellee's motion to dismiss is granted, and this appeal is hereby dismissed as being untimely filed pursuant to App. R. 4(A).
 {¶ 8} Appeal dismissed.
 DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur. *Page 1