MEMORANDUM OPINION
{¶ 1} On February 29, 2008, appellant, Ronald C. Swencki, administrator of the estate of Zbig Z. Zivny, filed a notice of appeal from a February 11, 2008 judgment entry of the Lake County Court of Common Pleas.
 {¶ 2} In the February 11, 2008 entry, the trial court ordered that appellant's motion for reconsideration, which was filed with the trial court on January 15, 2008, was *Page 2 
denied. The trial court granted the January 14, 2008 motion to strike of appellee, Progressive Land Title Agency, Ltd. The trial court also struck from the record the January 22, 2008, response to appellee's motion to strike and the January 7, 2008 motion for summary judgment.
 {¶ 3} It is well established that the filing of a motion for reconsideration from a final order in the trial court is a nullity.Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 381. See, also, Keyerleber v. Keyerleber, 11th Dist. No. 2007-A-0010,2007-Ohio-3018, at ¶ 3. Therefore, all judgments or orders from a motion for reconsideration are a nullity. Pitts at 381. Thus, the February 11, 2008 judgment of the trial court in the case at hand overruling appellant's motion for reconsideration is a nullity and cannot properly be appealed.
 {¶ 4} Furthermore, on March 19, 2008, appellant filed with this court a motion to amend the notice of appeal with a judgment entry dated December 31, 3007. The December 31, 2007 entry granted summary judgment against appellant and dismissed the matter.
 {¶ 5} We note that amending the notice of appeal by including the December 31, 2007 entry will not resolve the final order problem addressed above. In other words, the filing of appellant's January 15, 2008 motion for reconsideration did not extend the time for filing an appeal from the December 31, 2007 entry granting summary judgment to appellee. Therefore, appellant's attempt to appeal the December 31, 2007 judgment is untimely pursuant to App.R. 4(A), which states that:
 {¶ 6} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of *Page 3 
the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 7} In the instant matter, appellant's notice of appeal was filed almost two months after the December 31, 2007 entry. Further, appellant has not indicated that service of the judgment was not made within three days pursuant to Civ.R. 58(B). Appellant was required to file an appeal within thirty days of the December 31, 2007 entry pursuant to App.R. 4(A). Hence, appellant's motion to amend his notice of appeal is hereby overruled.
 {¶ 8} Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, for lack of a final appealable order.
 {¶ 9} Appeal dismissed.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1