MEMORANDUM OPINION *Page 2 
{¶ 1} On July 30, 2008, appellant, Delbert G. Stewart, pro se, filed a notice of appeal from a July 1, 2008 entry of the Portage County Court of Common Pleas.
 {¶ 2} In the July 1, 2008 judgment entry, the trial court denied Delbert's May 16, 2008 motion to reconsider the granting of summary judgment to the various defending parties. Delbert indicates on his notice of appeal that he is appealing several trial court judgment entries. However, a review of the judgment entries and the trial court docket shows that on March 11, 2008, the trial court granted the motion for summary judgment filed by appellees, Randal A. Lowry, and Weick, Gibson, and Lowry. Delbert never filed an appeal from the March 11, 2008 judgment entry granting summary judgment. Also, on March 28, 2008, the trial court denied Delbert's Civ. R. 60(B) motion. No appeal was filed thirty days from that judgment entry.
 {¶ 3} It is well established that the filing of a motion for reconsideration from a final appealable order in the trial court is a nullity. Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 381. See, also, Keyerleber v. Keyerleber, 11th Dist. No. 2007-A-0010,2007-Ohio-3018, at ¶ 3. Therefore, all judgments or orders from a motion for reconsideration are a nullity. Pitts at 381. Thus, in the instant matter, the July 1, 2008 judgment of the trial court overruling Delbert's motion for reconsideration is a nullity and cannot properly be appealed. Furthermore, an appeal from either the March 11, 2008 judgment or the March 28, 2008 entry which are the only final appealable orders listed on the trial court docket is untimely. *Page 3 
 {¶ 4} Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, for lack of a final appealable order and untimeliness.
 {¶ 5} Appeal dismissed.
 MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1