[Cite as *Casey v. Casey*, 2024-Ohio-1808.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| THOMAS CASEY | : | |
| | : | |
| Appellant | : | C.A. No. 2023-CA-71 |
| | : | |
| v. | : | Trial Court Case No. 2016 DR 0031 |
| | : | |
| JENNIFER CASEY, nka BAIR | : | (Appeal from Common Pleas Court- |
| | : | Domestic Relations) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 10, 2024

. . . . . . . . . . .

JAY M. LOPEZ and CHARLYNE L. ADAMS, Attorneys for Appellant

MATTHEW J. BARBATO and ERIN N. DINGLE, Attorneys for Appellee

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Thomas Casey appeals from a post-decree order granting his former wife possession of the marital residence, which had been awarded to him in the final judgment and decree of divorce. Casey argues that this order improperly modified the terms of the divorce decree. For the reasons that follow, we reverse the trial court's order and

remand for further proceedings.

## I.      Factual and Procedural Background

{¶ 2} Thomas Casey ("Casey") and Jennifer Casey nka Bair ("Bair") were married in 1998 and divorced in March 2017. A separation agreement was incorporated into their final judgment and decree of divorce. As relevant to this appeal, it contained the following provision:

> Husband shall retain the marital residence and refinance the loan within the Sixty (60) month period or when approved.
>
> Until such time that Husband has refinanced the property, Wife shall continue to ensure the homeowners insurance and property taxes are current and maintained. Wife shall add Husband as an authorized party to the loan policy, for information and payment. Wife shall take no legal action, bankruptcy or otherwise that would in any way harm husband[']s use and right to the residence during the Sixty (60) month period given to refinance. In the event the home is destroyed or an insurance claim must be filed the profit shall solely be husband[']s.

{¶ 3} In May 2022, Bair sought to have Casey held in contempt of court for failing to refinance the mortgage on the home as specified in the decree. After a hearing on October 4, 2022, the parties executed an agreed order which was filed on October 7, 2022; the order required Casey to refinance the mortgage within 60 days. The order further required Casey to list the property for sale if he failed to accomplish the refinancing

by December 5, 2022, and it set the matter for a review hearing in January 2023. Finally, the order stated that "[i]f the property is closed upon, or sold and the husband receives the proceeds prior to the review hearing," the motion to show cause would be dismissed.

{¶ 4} On November 29, 2022, Casey filed a motion to extend the time for refinancing. Bair filed a memorandum in opposition. A status conference was conducted by telephone on February 10, 2023, and a final pretrial conference was set for March 3, 2023. Following the final pretrial conference, the court issued an order requiring Casey to complete the refinancing no later than March 20, 2023. The order further provided that, should Casey fail to refinance the loan, he would list the house for sale that same month. The issue of contempt for failing to refinance/sell the home was set for a final hearing on May 22, 2023.

{¶ 5} The final hearing was conducted on May 22, 2023, but a transcript of that hearing is not part of the appellate record. After the hearing, the magistrate issued a decision stating that Casey had admitted he violated the decree of divorce by failing to refinance the residence within the 60-month deadline set by the decree. The magistrate found Casey in contempt and recommended a jail sentence of 30 days. The magistrate's decision permitted Casey to purge the contempt by selling the residence prior to his sentencing hearing. Neither party filed objections to the magistrate's decision, and, on June 21, 2023, the trial court adopted the decision.

{¶ 6} The sentencing hearing was conducted on August 15, 2023; the trial court found Casey had failed to purge his contempt. The court ordered that the home be sold by October 5, 2023.

{¶ 7} On October 2, 2023, Bair filed a motion for sale of the property. After a conference on October 4, 2023, the trial court entered an order giving Casey 30 days to sell the house or to produce a contract for sale with proof of the buyer's financing.

{¶ 8} A status hearing was conducted on November 7, 2023. On November 9, 2023, the trial court ordered Casey to vacate the residence, granted Bair leave to take possession of the residence, and ordered Casey to "execute any documents necessary to clear the title [to the residence] of any dower interest." The entry stated that, "should [Bair] sell the property * * *, she shall receive credit for any payments made for repairs to make the property sellable, and, if [Casey] makes a claim to any other proceeds recovered from the sale over and above those repairs, [Casey] must file a motion with the Court and provide proof that he is entitled to any portion thereof." Casey filed a motion for reconsideration of this order, which was denied by the trial court.

{¶ 9} Casey appeals.

## II.    Decree and Agreed Order

{¶ 10} Casey's first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION BY DISREGARDING THE TERMS OF THE DECREE OF DIVORCE FROM MARCH 20, 2017, AND MODIFYING THE PROPERTY SETTLEMENT WITHIN THE DECREE.

{¶ 11} Casey asserts that the trial court violated R.C. 3105.171(I) by modifying the terms of the divorce decree. Specifically, he argues that the November 9, 2023 order

improperly permitted Bair to retain the residence. He further argues that the order impermissibly permitted Bair to sell the residence and to recoup from the sale any monies expended for repairs made to the home.

{¶ 12} R.C. 3105.171(I) prevents a trial court from modifying a final judgment and decree of divorce with respect to the division of property without the express written consent or agreement to the modification by both spouses. In *Passage v. Passage*, 2d Dist. Greene No. 2015-CA-36, 2016-Ohio-1097, we held that, under R.C. 3105.171(I), "parties can agree to give the trial court post-decree jurisdiction over property divisions. However, the court's ability to modify the property division should be narrowly limited to the terms expressed in the agreement, due to long-standing principles surrounding the finality of decrees." *Id.* at ¶ 51.

{¶ 13} The parties' divorce decree did not give the trial court the authority to subsequently modify the decree. The decree awarded the marital home to Casey, but he was required to refinance the loan on the residence within 60 months. However, as conceded by Casey, the October 7, 2022 agreed order constituted an express written agreement to modify the decree insofar as it provided that, if Casey were unable to refinance the loan, he would sell the house and receive the proceeds from the sale. The record does not demonstrate that the parties consented to any other modifications of the decree.

{¶ 14} We agree with Casey that the November 9, 2023 order modified the parties' agreement without their express written consent. In that order, the trial court awarded possession of the home to Bair for the purpose of effectuating a sale of the home; it further

provided that, when the home was sold, Bair would be entitled to reimbursement of any amount spent to make the home sellable. These provisions were appropriate measures to enforce the parties' agreement to sell the home. However, the language "should [Bair] sell the property" seems to give her the option to forego a sale and retain the home, which constitutes an improper modification of the divorce decree and the October 7, 2022 agreed order. Moreover, the November 9, 2023 order improperly required Casey, by motion, to litigate the issue of his entitlement to any sale proceeds. The trial court lacked authority to make these changes.

{¶ 15} The first assignment of error is sustained.

### III.   Reconsideration

{¶ 16} Casey's second assignment of error asserts:

THE TRIAL COURT ERRED IN DENYING PLAINTIFF-APPELLANT'S MOTION TO RECONSIDER JUDGMENT ENTRY FILED NOVEMBER 9, 2023, AS IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO THE LAW.

{¶ 17} Casey contends that the trial court should have granted his motion for reconsideration of the November 9, 2023 judgment entry.

{¶ 18} We begin by noting that Casey appealed solely from the November 9, 2023 judgment entry, not from the entry denying the motion for reconsideration. Thus, the denial of his motion for reconsideration is not before us. Further, even if that denial had been appealed, we could not consider it, because the Ohio Rules of Civil Procedure do

not provide for a motion for reconsideration of a final order. *Tucker v. Pope*, 2d Dist. Miami No. 2009-CA-30, 2010-Ohio-995, ¶ 25; *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981); *Franklin Univ. v. Ellis*, 10th Dist. Franklin No. 13AP-711, 2014-Ohio-1491, ¶ 8. Therefore, any order that a trial court enters on a motion for reconsideration is a legal nullity. *Tucker* at ¶ 25*,* citing *Robinson v. Robinson*, 168 Ohio App.3d 476, 2006-Ohio-4282, 860 N.E.2d 1027, ¶ 17 (2d Dist.).

{¶ 19} Accordingly, Casey's second assignment of error is overruled.

## IV.     Conclusion

{¶ 20} Having sustained Casey's first assignment of error, the trial court's November 9, 2023 order is reversed, and the matter is remanded to the trial court. On remand, the trial court shall issue an order requiring Bair to list the home for sale. The order may include a provision that Bair will be reimbursed for any necessary and reasonable expenses of the sale and any necessary and reasonable amount she must spend to make the home sellable. The order shall provide that Casey will receive any sale proceeds remaining after the mortgage is satisfied and after Bair is reimbursed for these expenditures.

. . . . . . . . . . . . .

WELBAUM, J. and HUFFMAN, J., concur.