OPINION
Appellants, the Rootstown Township and the Rootstown Township Board of Trustees, appeal from the judgment of the Portage County Court of Common Pleas, which refused to find appellee, Carl Drennen, in contempt.
The following facts are pertinent to this appeal. On February 5, 1987, appellants filed a complaint to enjoin appellee from operating a junkyard on his property located at 5220 New Milford Road, Rootstown Township, Ohio. In January of 1992, the parties entered into a consent judgment, which provided in part:
 "1. Defendants shall be permitted to construct a new building on their property pursuant to the dimensions as shown in Exhibit `A' attached hereto. Plaintiff, the Township, shall permit said construction and shall issue all necessary zoning certificates to permit Defendant to accomplish the construction of the same;
 "2. Defendants lands shall be considered a non-conforming use for the restoration of motor vehicles, however, the area of non-conforming use shall be limited to the area within the yellow boundaries as shown in Exhibit `B' attached hereto;
 "3. Defendants shall fence in an area with a board on board fence similar to the fence currently in existence on Defendant's property. Said fence shall be approximately 60 feet by 90 feet and will be constructed to the east of the existing building. The new fence is shown in red on Exhibit `B' attached hereto; * * *
 "5. Excluding Defendants personal vehicle, Defendants shall have no more than ten (10) vehicles outside any building on the subject property, and all restorable vehicles on the subject property shall be kept within the enclosed fenced area.
 "6. Defendant shall be enjoined from operating a junk yard and/or collecting junk, debris, or discarded salvage material on the subject property."
 Since the filing of the 1992 consent judgment, appellant has filed five motions for contempt against appellee. On February 4, 1998, after hearing appellant's fourth motion for contempt, the trial court found appellee in contempt, fined him $500, and ordered that appellee be fined $100 for each day that he remained in violation of the court's prior orders. The trial court stated:
 "[E]xcluding the Defendant's and the Defendant's immediate family's personal, licensed, and operable vehicles, the Defendant shall have no more than ten (10) vehicles outside any building on the subject property, and all restorable vehicles on the subject property shall be kept within the enclosed fenced area, pursuant to paragraph 5 of the January 27, 1992 Judgment."
 On October 2, 1998, appellant filed a fifth motion for contempt alleging that appellee was violating the 1992 consent judgment because he had more than ten vehicles on his property that were not enclosed in buildings or fences. At the contempt hearing held on February 16, 1999, appellant also alleged that appellee was violating the court's order because his fence was greater than 60 by 90 feet and he had piles of debris on his property.
At the hearing, Van Black, the assistant zoning inspector for Rootstown Township, testified that the fence on appellee's property was approximately 120 feet by 255 feet and that appellee had piles of debris on his property. Van Black further testified that appellee had more than eleven cars outside of fences or buildings on numerous occasions. The zoning inspector presented pictures of cars and piles of junk on appellee's property, and they were admitted as exhibits.
Appellee testified that his family owns and insures nineteen vehicles and that the fence on his property is not the fence contemplated in the 1992 consent judgment. According to appellee, the court order provided for a fence approximately 60 feet by 90 feet to be built to the east of an existing building. Appellee testified that instead of erecting a new fence, he built a new building and enlarged the old fence to encompass that building. Appellee claimed that the area where the fence is located is within the boundaries designated by the court in the 1992 consent judgment for appellee's non-conforming use.
On September 28, 1999, the trial court determined that appellee was not in contempt because it could not "conclude by clear and convincing evidence that the Defendant has violated the terms of this Court's Order." From this judgment, appellant assigns the following error:
 "The trial court erred in finding that Drennen was not in contempt of the January 27, 1992 consent judgment."
 In their sole assignment of error, appellants contend that the trial court's judgment was not supported by sufficient evidence and was against the manifest weight of the evidence. Appellants cite Wellman Engineering Co. v. Calderon Automation, Inc.
(1965), 2 Ohio App.2d 385, 209 N.E.2d 172, for the proposition that this court may review the trial court's ruling on contempt as we would review any other civil judgment. The Wellman court determined that an appellate court's review of a lower court's dismissal of contempt charges is not limited to the abuse of discretion standard of review. Id. at 389.
Relying on Wellman, appellants assert that we can reverse the trial court if we conclude that its judgment was not supported by sufficient evidence or was against the manifest weight of the evidence; however, the Supreme Court of Ohio has determined that a reviewing court cannot reverse a lower court's determination in a contempt proceeding in the absence of an abuse of discretion.State ex rel Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 75,573 Ohio N.E.2d 62. We cannot reverse the appealed judgment unless we determine that the trial court abused its discretion by refusing to hold appellee in contempt. See State ex rel. Ventronev. Birkel (1981), 65 Ohio St.2d 10, 417 N.E.2d 1249 (holding that because no evidence had been adduced to demonstrate an abuse of discretion, it would not reverse a decision of an appellate court refusing to find a party in contempt); Burke v. Burke (May 14, 1999), Geauga App. No. 98-G-2163, unreported. An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
In its judgment, the trial court determined that appellee was not in contempt of the court's "previous order," but did not give its reasons for that decision. Reviewing the provisions of the 1992 consent judgment, we must conclude that appellee was violating the judgment because appellee had piles of debris on his property and had more than eleven cars that were not enclosed in buildings or surrounded by a fence. The 1992 consent judgment specifically stated that "excluding appellee's personal vehicle," he could not have more than ten vehicles outside any building on his property, and that all restorable vehicles had to be kept within the enclosed fenced area. The judgment also stated that appellee was enjoined from operating a junk yard and/or collecting junk, debris, or discarded salvage material on his property.
Appellants presented evidence that appellee had piles of junk on his property and had, on numerous occasions, more than eleven cars that were not enclosed in buildings or within a fenced area. Because the evidence of appellee's violations of the 1992 consent judgment is so clear, we can only assume that the trial court did not interpret the provisions of the 1992 judgment to determine whether appellee was in contempt, but that it applied the terms of a 1998 judgment that decided appellant's fourth motion for contempt. In 1998, with no motion to modify injunction or complaint for new injunction before it, the trial court, suasponte, modified the 1992 consent judgment. The court gave appellee wider latitude with respect to the number of personal vehicles that would be permitted on his property. The court stated,
 "[E]xcluding the Defendant's and the Defendant's immediate family's personal, licensed, and operable vehicles, the Defendant shall have no more than ten (10) vehicles outside any building on the subject property, and all restorable vehicles on the subject property shall be kept within the enclosed fenced area, pursuant to paragraph 5 of the January 27, 1992 Judgment."
 The 1998 judgment allows appellee to have ten cars plus all of his family's personal vehicles outside of buildings and not enclosed in fenced areas. Because neither of the parties filed a motion to modify the existing injunction and no Civ.R. 60(B) motion was filed, the trial court did not have the authority to modify the 1992 trial judgment. See Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378, 380, 423 N.E.2d 1105. Therefore, the trial court should have construed only the provisions of the 1992 consent judgment to determine whether appellee was in contempt.
As for the provision of the 1992 consent judgment regarding the area of the fence, we cannot determine whether the current size of appellee's fence violates the judgment because the judgment incorporates an exhibit that refers to yellow and red boundaries, and we were not provided a color copy of that exhibit.
Because the trial court did not give its reasons for refusing to hold appellee in contempt, we are unable to determine whether the trial court abused its discretion by denying appellant's motion for contempt. This cause is remanded to the trial court for thirty days to state its reasons for refusing to hold appellee in contempt and to provide a color copy of the exhibit attached to the 1992 consent judgment.
CHRISTLEY, P.J., dissents with dissenting opinion, O'NEILL, J., concurs.