Appellant NASCO Industries, Inc. (NASCO) has appealed from an order of the Medina County Common Pleas Court that vacated a previous entry of summary judgment in favor of NASCO. This Court reverses and reinstates the prior entry of summary judgment.
 I.
On February 26, 1999, Teamsters Local Union No. 507 filed a complaint in the Medina County Common Pleas Court on behalf of four individuals previously employed by NASCO.[1] The complaint alleged that NASCO was contractually obligated to compensate union members for vacation and severance pay upon their termination from employment pursuant to the collective bargaining agreement between Teamsters and the company.
On January 13, 2000, Teamsters filed a motion for summary judgment. In response, NASCO submitted a brief in opposition and a cross-motion for summary judgment, arguing that Teamsters and the four individuals had failed to meet certain prerequisites for payment under the collective bargaining agreement. On February 29, 2000, Teamsters replied. One day later, on March 1, 2000, the trial court entered summary judgment in favor of NASCO.
Instead of filing an appeal, Teamsters submitted a motion for relief from judgment pursuant to Civ.R. 60(B)(5). In that motion, Teamsters, after briefly recounting the procedural history of the case, claimed that the March 1, 2000 entry of summary judgment should be vacated because NASCO was "not entitled to summary judgment pursuant to the issues of fact and law raised[.]" On March 23, 2000, the trial court granted Teamsters' motion, vacated its March 1, 2000 entry of summary judgment and granted Teamsters leave to respond to NASCO's cross-motion for summary judgment. NASCO timely appealed, asserting two assignments of error.
 II. First Assignment of Error
 The trial court erred as a matter of law by permitting Teamsters to use Civ.R. 60(B)(5) as a substitute for an appeal to vacate the decision granting summary judgment in favor of NASCO.
Under Ohio law, when a trial court has entered a final judgment in a matter, the parties' legal avenues of recourse become significantly limited. "A motion seeking relief from the judgment of the trial court, that is premised on law and facts that were available to the trial court at the time it made its decision, is the functional equivalent of a motion to reconsider a final, appealable judgment." Yakubik v. Yakubic
(Mar. 29, 2000), Summit App. No. 19587, unreported, at 4. Notwithstanding, the Ohio Rules of Civil Procedure do not set forth a procedure for reconsideration by a trial court of its final judgment.Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. Any judgment entered in response to such a motion is therefore a nullity. See id. at 381.
However, parties are not entirely foreclosed from collaterally attacking a final judgment. Civ.R. 60(B) provides a means for such relief. The Ohio Supreme Court has held that in order for a party to prevail on a motion brought pursuant to Civ.R. 60(B), the movant must demonstrate that:
 (1) the party has a meritorious defense or claim to present if relief is granted;
 (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and,
 (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Civ.R. 60(B) provides, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
As a result of the foregoing particulars, the availability of Civ.R. 60(B) relief is generally limited to issues that cannot properly be raised on appeal. In other words, if the grounds for relief cannot satisfy the Civ.R. 60(B) language, the argument is one properly reserved for a direct appeal. In the instant case, Teamsters have attempted to force their circle into a Civ.R. 60(B) square, and their argument must fail.
Teamsters has claimed that under Civ.R. 60(B)(5), a trial court may grant relief "where the factual circumstances relating to the judgment are shown to be materially different from what was apparent at the time judgment was rendered." Teamsters has further argued that its motion for relief from judgment was an attempt to have the trial court review the factual circumstances set forth in Teamsters' reply brief, filed February 29, 2000.
On the other hand, NASCO has argued that Civ.R. 60(B) was an inappropriate mechanism by which to review the merits of the summary judgment. In support of its claim, NASCO has pointed to the language Teamsters employed in its motion, to wit: NASCO "is not entitled to summary judgment pursuant to the issues of fact and law raised within" Teamsters' reply brief. Essentially, NASCO has suggested that, by the clear language of Teamsters' motion, it was simply moving the trial court to reconsider its order. This Court agrees.
It is axiomatic that Civ.R. 60(B) may not be used as a substitute for a direct appeal. Doe v. Trumbull Cty. Children Services Bd. (1986),28 Ohio St.3d 128, 131. "Correcting errors of law made by the trial court is properly the role of the appellate court, not the trial court."Yakubik, supra, at 5. In its motion, Teamsters seemed to rationalize that even though every motion, brief in opposition and reply brief had been submitted, the trial court should vacate its previous grant of summary judgment due to the arguments presented in Teamsters' reply brief. As the record in this case demonstrates, the parties had already submitted every motion and response relating to the entry of summary judgment when the trial court issued its decision. At that point, whether the trial court appropriately granted summary judgment as a matter of law and fact in favor of NASCO is an issue that is properly raised on direct appeal. Regardless of the name given to Teamsters' motion, once the trial court rendered final judgment it no longer had jurisdiction to reconsider the March 1, 2000 decision. See id, citingPitts, 67 Ohio St.2d at 380-381. NASCO's first assignment of error is sustained.
 III.
NASCO's first assignment of error is sustained. This Court declines to address the second assignment of error. App.R. 12(A)(1)(c). The March 23, 2000 judgment of the trial court is reversed, and the March 1, 2000 entry of summary judgment is hereby reinstated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., SLABY, J., CONCUR.
[1] At the time of the filing of Teamsters' complaint, Judge William G. Batchelder, a member of the panel deciding this appeal, was presiding judge at the Medina County Court of Common Pleas. In fact, the case was assigned to Judge Batchelder's docket. However, the case never came before him on any substantive matter as he was appointed to this Court shortly thereafter. Finally, this Court would note that the parties waived any objection to this point at oral argument.