OPINION
Plaintiff-appellant, Frank Uhrin, appeals from a decision of the Mahoning County Court of Common Pleas granting defendant-appellee's, City of Campbell's, motion for summary judgment and its subsequent decision upholding the order granting summary judgment.
At approximately 9:10 p.m. on August 5, 1995, appellant was driving his car west on Sanderson Avenue in Campbell, Ohio. As he approached the top of a hill, he noticed a pool of water in the road in front of 324 Sanderson. Appellant drove through the pool of water at approximately twenty-five miles per hour. His car fell into a hole which was covered by the water causing damage to his person and his vehicle.
In the week prior to appellant's accident, workers from the city of Campbell's water and sewage departments made repairs to sanitary sewer and water lines located in the road in front of 324 Sanderson Avenue. One of the repair workers, Juan Miranda (Miranda), lived on Sanderson in front of the area where the repairs were made. During the repairs Miranda operated a backhoe which damaged a water line. Jim Dubos, a worker for the Water Distribution Department, repaired the water line. Miranda then filled the hole where the repairs had been made with dirt and slag which was left to settle before re-paving the area.
On the night of appellant's accident, Miranda had gone to visit his sister at her home. When he left his home, he did not notice anything unusual on the street where the repairs had been made. Shortly after Miranda arrived at his sister's home, his wife telephoned him to inform him that there was a water line break in front of their house. Miranda immediately left his sister's house and returned to his residence. Prior to Miranda reaching his house, appellant's accident occurred.
Appellant's complaint alleged that appellee was negligent in failing to maintain and repair Sanderson Avenue which resulted in his accident and injuries. Appellee moved for summary judgment and the trial court sustained this motion in its judgment entry of January 6, 2000. Appellant subsequently filed a motion which he termed a motion for reconsideration. On February 25, 2000, the trial court entered a judgment upholding its previous order sustaining appellee's summary judgment. Appellant then filed his notice of appeal on March 9, 2000.
Appellant alleges three assignments of error as follow:
 "THE COURT OF COMMON PLEAS ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SINCE THE DEFENDANT HAD ACTUAL NOTICE THAT A DEFECT WAS PRESENT IN THE STREET ON THE DATE OF THE ACCIDENT, AND SEVERAL DAYS BEFORE CREATING THE EXISTENCE OF A GENUINE ISSUE OF MATERIAL FACT FOR TRIAL."
 "THE COURT OF COMMON PLEAS ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN THAT DEFENDANT ERRONEOUSLY RELIED ON THE DEPOSITION OF PLAINTIFF TO SHOW THAT DEFENDANT DID NOT HAVE ACTUAL OR CONSTRUCTIVE NOTICE OF THE DEFECT IN THE STREET."
 "THE COURT OF COMMON PLEAS ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SINCE THE DEFENDANT'S RELIANCE ON WILLIAMS V. CITY OF CUYAHOGA FALLS WAS INVALID TO SHOW THAT SUMMARY JUDGMENT WAS WARRANTED SINCE THE FACTS OF THAT CASE RENDER IT INAPPLICABLE TO THE CASE AT BAR."
However, appellee alleges two issues for review which will be addressed first since they are dispositive. The first issue raised is:
 "WHETHER APPELLANT TIMELY APPEALED FROM THE TRIAL COURT'S DECISION OF JANUARY 6, 2000 WHEN THE NOTICE WAS FILED MORE THAN THIRTY DAYS AFTER THE DECISION WAS JOURNALIZED."
Appellee argues that the trial court's decision of January 6, 2000, granting appellee summary judgment was a final, appealable order disposing of all of appellant's claims. Therefore, appellee argues, the thirty day time limit to file an appeal began to run upon entry of that decision. Since appellant did not file his notice of appeal until March 9, 2000, appellee contends that this appeal is untimely.
R.C. 2505.02(B) defines a final appealable order as one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action."
The trial court's judgment entry of January 6, 2000, sustaining appellee's motion for summary judgment constitutes a final appealable order as defined by R.C. 2505.02(B)(1). The judgment affects a substantial right, appellant's potential recovery against appellee for the personal injuries and property damage he sustained. It determines the action in favor of appellee. Also, appellant only asserted one cause of action, negligence, against one defendant, appellee, which the judgment resolved.[1] Finally, it prevents a judgment against appellee and for appellant.
The judgment entry of January 6, 2000 was a final appealable order and the thirty day time limit within which to file an appeal from that judgment began to run from that date. Since appellant filed his notice of appeal on March 9, 2000, our review is restricted to appellant's appeal of the February 25, 2000 judgment entry.
Appellee's second issue presented for review states:
 "WHETHER THE TRIAL COURT PROPERLY DENIED APPELLANT'S MOTION FOR RECONSIDERATION WHERE NO PROCEDURAL DEVICE EXISTS FOR RECONSIDERATION OF SUMMARY JUDGMENT UNDER THE RULES OF CIVIL PROCEDURE."
Appellee argues that the trial court should not have reviewed appellant's motion for reconsideration because motions for reconsideration are to be used only for interlocutory orders. Appellee contends that the trial court's January 6, 2000 judgment entry was a final appealable order. Therefore, appellee argues, appellant's motion for reconsideration was a nullity in the trial court and this court should decline to review the merits of said motion.
As we stated above, the January 6, 2000 judgment entry was a final appealable order.
Civ.R. 60(B) states in part, "[t]he procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules." The Ohio Rules of Civil Procedure do not recognize motions for reconsideration after a final judgment in the trial court. Pitts v. Ohio Dept. ofTransp. (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. The proper vehicle for relief from judgment is a motion to vacate under Civ.R. 60(B). Civ.R. 60(B); Pitts, 67 Ohio St.2d at 380. Furthermore, "[i]t has long been recognized that trial courts have been allowed some discretion to treat a motion for reconsideration as a motion to vacate under Civ.R. 60(B)." Pete's Auto Sales v. Connor (Aug. 24, 2000), Cuyahoga App. No. 77014, unreported, 2000 WL 1222015, at *3. See, also,Malloy v. Kraft General Foods, Inc. (June 14, 1999), Mahoning App. Nos. 95-CA-241 and 95-CA-245, unreported, 1999 WL 420847.
Although it was within the trial court's discretion to treat appellant's motion as a Civ.R. 60(B) motion rather than as a motion for reconsideration, it is apparent from the filings and the court's judgment entry that the court did not treat the motion as such. The trial court reviewed appellant's motion and appellee's brief in opposition and concluded that the evidence appellant presented was insufficient to show either constructive or actual knowledge on the part of appellee. Appellant simply disagrees with the conclusion reached by the trial court. Since the trial court treated appellant's motion as a motion for reconsideration, we are unable to review the trial court's judgment because a motion for reconsideration in the trial court is a civil nullity. Pitts, supra.
Based on the foregoing, this appeal is dismissed for lack of jurisdiction and the decision of the trial court is hereby affirmed.
VUKOVICH, J. and WAITE, J., concurs.
[1] Appellant originally filed his complaint against appellee and defendant, Grange Insurance Company. However, he voluntarily dismissed Grange Insurance Company from this action on April 7, 1998.