DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas. It concerns an administrative appeal of a decision of the Ohio Department of Job and Family Services. Because we conclude that the trial court erred in granting a motion for reconsideration of its original decision, we reverse.
 {¶ 2} Appellants, the Ohio Department of Job and Family Services ("ODJFS") and Thomas J. Hayes, Director of ODJFS, administer the state funded Medicaid program. Appellee, Ruben Luna, appealed to the Lucas County Court of Common Pleas from an ODJFS ruling that he could not apply certain medical bills to his "spend down" obligation. The bills are paid on appellee's behalf by a local county agency.
 {¶ 3} On January 3, 2002, the common pleas court affirmed the decision of ODJFS. This decision was journalized on January 4, 2002. It was not appealed. On January 16, appellee filed a motion for reconsideration, which was opposed by appellants. On April 25, 2002, the trial court granted appellee's motion for reconsideration and found that appellee could apply the payments made on his behalf to his spend down requirement, reversing the decision of ODJFS.
 {¶ 4} Appellant now appeals that judgment, setting forth the following sole assignment of error:
 {¶ 5} "The court of common pleas lacked jurisdiction to reconsider its own decision, and issue a new decision, after an opinion had been issued and a judgment entry signed, and journalized. "
 {¶ 6} The Supreme Court of Ohio has previously determined that "the Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." Pitts v.Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. Consequently, "all judgments or final orders from said motion are a nullity." Id. at 381. The Pitts court made no exception for reconsideration in administrative appeals where the trial court acts as an appellate court. We have noted our disagreement with this decision which overlooks the rule that in administrative appeals, the common pleas court is governed by the appellate rules and may rule upon motions for reconsideration. See VFW Post 1238 v. Liquor Control Comm. (Sept. 22, 1997), Huron App. No. H-97-026, fn 1; Carroll v. Flexible Personnel,Inc. (July 16, 1999), Williams App. No. WM-98-029. See also, R.C.2505.03(B), which provides that the appellate rules apply to administrative appeals taken to the common pleas court, not the civil rules.
 {¶ 7} Since we are, however, bound by the Ohio Supreme Court's ruling in Pitts, we conclude that the common pleas court's April 25, 2002 ruling on appellee's motion for reconsideration is a nullity. We also note, that even if such a motion were permitted, appellee's motion was untimely, since it was filed on January 16, 2002, two days past the 10 day time limit required by App.R. 26(A). Therefore, based upon Pitts, the common pleas court erred in considering appellee's motion for reconsideration. Accordingly, appellee's sole assignment of error is found well-taken.
 {¶ 8} The judgment of the Lucas County Court of Common Pleas is reversed and the January 3, 2002 judgment is reinstated. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski,P.J., CONCUR.