OPINION
{¶ 1} This is one of multiple appeals arising out of a declaratory judgment action disposed of on summary judgment.
{¶ 2} On February 1, 1998, decedent Robert Shirley was killed in a one-car accident. He was a passenger in the car his wife Patricia was driving. Patricia's insurance, Unity, paid it's limits. Decedent's mother Norma is the Administratrix of the estate, and filed claims against nine insurance companies.
{¶ 3} Procedurally, the trial court entered summary judgment on June 4, 2002, on all claims except one, to which the parties had stipulated. The trial court specifically found the judgment constituted a final appealable order, and that there was no just cause for delay.
{¶ 4} The following day, on June 5, the plaintiffs filed a motion to reconsider the portions of the action on which they lost. On June 7, the trial court vacated the entire judgment as to all parties.
{¶ 5} On July 3, 2002, plaintiffs and one insurance company filed notices of appeal from the June 4 judgment entry. On July 9, 2002, the trial court entered a new judgment, reversing itself on certain parts of the June 4, decision. The insurance companies who had been successful in the June 4, judgment, but had lost on the July 9, filed appeals from the July 9, judgment entry. Thereafter, plaintiffs filed a cross-appeal in one of the cases.
{¶ 6} On July 8, Grange Insurance Company filed a motion to reconsider, and the trial court reversed itself on July 25. Plaintiff appealed.
{¶ 7} By July 25, the trial court had ruled on all of the claims a second time.
{¶ 8} R.C. 2505.02 (B) defines a final appealable order:
"2505.02 FINAL ORDER
"(A) As used in this section:
 "(1) 'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 "(2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 "(3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."
{¶ 9} The Ohio Supreme Court has held a declaratory judgment action is a special proceeding, pursuant to statute, General Accident Insurance Company v. Insurance Company of America (1989), 44 Ohio St.3d 17,540 N.E.2d 266.
{¶ 10} Civ. R. 54(B) provides for the language "there is no just reason for delay." This language puts the parties on notice when an order or decree has become final for purposes of appeal, Noble v. Colwell (1989),44 Ohio St.3d 92, 540 N.E.2d 1381.
{¶ 11} We find the June 4, 2002, judgment entry was a final appealable order.
{¶ 12} The Ohio Rules of Civil Procedure do not provide for motions for reconsideration after a final judgment is entered, Pitts v. Ohio Department of Transportation (1981), 67 Ohio St.2d 378, 423 N.E.2d 1105. For this reason, a motion for reconsideration made after a final judgment in a court of original jurisdiction is considered a nullity, and any judgment or final order entered on the motion is a nullity, Id.
{¶ 13} We find the trial court did not have jurisdiction to entertain the motion to reconsider, nor did it have the authority to vacate its prior final judgment. Accordingly, we find the judgment entry entered on the motion to reconsider is a nullity, and the appeals from that judgment are not properly before us.
{¶ 14} The appeal is dismissed.
By Gwin, P.J., Edwards, J., and Boggins, J., concur.