{¶ 10} In Pitts v. Ohio Dep't of Transportation (1981),67 Ohio St.2d 378, the trial court had entered a final judgment dismissing the plaintiff's complaint on May 24, 1979. The plaintiff filed a motion for reconsideration from that judgment on June 4, 1979. While the motion was pending, on June 21, 1979 the plaintiff filed a notice of appeal from the May 24 judgment. The trial court denied the motion for reconsideration on June 26, 1979. No appeal was taken from that order. Subsequently, the court of appeals reversed the May 24 dismissal and remanded for a proceeding on the merits.
 {¶ 11} On appeal to the Supreme Court, and on the arguments before it, that court noted that "[t]he eye of the controversy herein centers upon the status and application of the motion for reconsideration in the trial court." Id., at p. 379. Finding that the Civil Rules make no provision for a motion for reconsideration, the Supreme Court wrote: "We hold that the motion for reconsideration of the May 24 ruling will not lie and all judgments or final orders from said motion are a nullity."Id., at p. 381. The Supreme Court further noted, however, that because the notice of appeal in Pitts that was filed on June 21, 1979 was timely in relation to the May 24 final order, the court of appeals' jurisdiction to review that order on its merits was properly invoked and preserved.
 {¶ 12} Pitts holds that judgments rendered on motions for reconsideration filed after a final judgment or order are themselves "a nullity." Here, the majority characterizes the motion itself as the nullity. Perhaps it is, but our jurisdiction is determined from the nature and character of the judgment or order from which an appeal is taken, not the motion or other application that prompted it. When that judgment or order is a nullity, per Pitts, we lack jurisdiction to review it or any error assigned with respect to it.
 {¶ 13} Applying Pitts, I would dismiss this appeal for lack of a final order. Had the trial court reached the opposite result and ordered the State to return the forfeited funds to Defendant-Appellant Lucas, the same result would obtain because that order, likewise, would be a nullity. In either alternative, appellate review is unavailable, at least on appeal from the trial court's order.
 {¶ 14} The unavailability of appellate review results in no undue prejudice in this instance. As the majority notes, the prior civil forfeiture order was not subject to Defendant-Appellant's collateral attack in the criminal proceeding. Had the court instead granted his application for relief and ordered his money returned, the State might seek a writ of prohibition to prevent the court from enforcing its judgment, because the court would have lacked jurisdiction to reopen the criminal proceeding for that purpose. Any issuance of process to enforce the judgment would then clearly be unauthorized by law. And, refusing the writ would, because no appeal is available, result in an injury for which there is not adequate remedy in the ordinary course of law. State ex rel. LaBoiteaux Co., Inc. v. Court of Common Pleas, Hamilton County
(1980), 61 Ohio St.2d 60.
 {¶ 15} The viability of a motion for reconsideration was not the issue of law on which Pitts was decided. However, the holding can't be ignored, and neither can it be "refashioned" to make better sense. The Supreme Court would do well, when given the opportunity, to modify Pitts to hold that the motion for reconsideration, not the order entered on it, is the "nullity." Until then, we can only apply Pitts as it was decided.