JOURNAL ENTRY and OPINION
{¶ 1} Appellants Thomas and Sandra Carroll, appeal from the trial court's refusal to grant pre-judgment interest on a $450,000 settlement between them and Thomas Carroll's employer's insurer, American States Insurance Company, (hereinafter referred to as "American States"), and the trial court's decision to grant American States' summary judgment on any additional coverage in light of the Ohio Supreme Court's decision inWestfield Ins. Co. v. Galatis.[1] The Carrolls assign the following errors for our review:
"I. The trial court erred when it refused to grant pre-judgmentinterest."
 "II. The trial court erred when it considered and granted AmericanStates' motion for summary judgment."
 {¶ 2} American States cross-appeals and assigns the following errors for our review:
"I. The trial court's partial summary judgment granting plaintiffs'motion and denying defendant American States' motion, which was basedsolely upon Scott-Pontzer v. Liberty Mut. Fire Ins. Co. And Ezawa v.Yasuda Fire Marine Ins. Co. Of Am., was legally erroneous asplaintiffs were not insureds entitled to underinsured motorist coveragepursuant to the commercial automobile policy issued to Thomas Carroll'scorporate employer by American States. [R. 21 and 24, Summ. Judg. Entryand Opinion]"
"II. The trial court erred as a matter of law when it denied defendantAmerican States' motion for reconsideration of the interlocutory partialsummary judgment which had declared that plaintiffs were entitled tounderinsured motorist coverage pursuant to the commercial automobilepolicy issued to plaintiff Thomas Carroll's corporate employer bydefendant American States in light of the Supreme Court of Ohio'sdecision in Westfield Ins. Co. v. Galatis. [R. 53, J.E. Recon.]"
 {¶ 3} Having reviewed the record and pertinent law, we affirm the trial court's decision denying the Carroll's request for prejudgment interest and granting American States' motion for summary judgment on the remaining claim in light of Westfield Ins. Co. v. Galatis. We also affirm the trial court's decision denying American States' motion to reconsider, which attacked the trial court's partial summary judgment in favor of the Carrolls that resulted in the settlement between the parties for $450,000 to the Carrolls under their Scott-Pontzer[2] claim.
 {¶ 4} The facts are not complicated. Jeffrey Kohler injured Thomas and Sandra Carroll when his vehicle collided with their motorcycle, leaving both Thomas and Sandra severely injured; Thomas was rendered a quadriplegic. After exhausting all the available insurance coverage, Thomas Carroll filed a suit against his employer's insurance company, American States. The amount of American States' underinsured motorist coverage totaled one million dollars. In 2001, the Carrolls filed a motion for partial summary judgment declaring that $970,000 was available to them; the trial court granted them partial summary judgment declaring they were entitled to coverage in the amount of $450,000 with the understanding that the remaining coverage claim would be tried to the court.
 {¶ 5} At the time of the Carrolls' partial summary judgment,Scott-Pontzer was the law of the case. Consequently, on April 18, 2002, the parties entered into a partial settlement agreement. There is no dispute that the parties entered into a settlement agreement and that the agreement stated in pertinent part the following:
"This agreement and release encompasses any claims which were made orcould have been made in the case of Sandra Carroll, et al. v. SafecoInsurance Co., et al. Cuyahoga County Court of Common Pleas Case No.429480. The plaintiffs have agreed to accept the $450,000.00, withoutprejudice to their rights to claim that they are entitled to more than$450,000.00 under the Insurer's insurance policy as referenced above."
 {¶ 6} The Carrolls signed the release and negotiated the settlement check. Thereafter, on June 20, 2002, American States moved for summary judgment on the remaining coverage claim. Before trial and before a ruling on summary judgment, the Ohio Supreme Court issued Westfield Ins.Co. v. Galatis, which effectively reversed Scott-Pontzer. On March 19, 2004, the trial court ordered the parties to submit supplementary briefs. In the interim, American States asked the trial court to reconsider the partial summary judgment that led to the settlement between the parties.
 {¶ 7} On May 6, 2004, the trial court granted American States' motion for summary judgment on the remaining claims in light of Westfield Ins.Co. v. Galatis, but denied its motion for reconsideration. Thereafter, the Carrolls appealed the trial court's decision granting summary judgment in favor of American States on the remaining claims. American States also crossappealed the trial court's denial of its motion for reconsideration of the trial court's partial summary judgment to the Carrolls.
 {¶ 8} We first address the Carrolls' prejudgment interest claim on the $450,000 settlement. They argue that, under Landis v. Grange Mut. Ins.Co.,[3] they are entitled to prejudgment interest. They made the claim for prejudgment interest in August 2002. The trial court denied the prejudgment interest on July 12, 2004. It does not appear that the trial court's denial was related to Westfield Ins. Co. v. Galatis; however, we believe that Westfield Ins. Co. v. Galatis impacts the prejudgment interest claim in this present state.
 {¶ 9} In Bowman v. Progressive Cas. Ins. Co.,[4] the court made it clear that the historical reason for prejudgment interest lies in encouraging settlements of legitimate claims. As of 2003, the Carrolls' claim was not legitimate because of the Westfield Ins. Co. v. Galatis
decision. Therefore, prejudgment interest should be denied.
 {¶ 10} We now address the Carrolls' argument that their additional claims should have survived Westfield Ins. Co. v. Galatis. We disagree. In Westfield Ins. Co. v. Galatis, the Supreme Court held as follows:
"Absent specific language to the contrary, a policy of insurance thatnames a corporation as an insured for uninsured or underinsured motoristcoverage covers a loss sustained by an employee of the corporation onlyif the loss occurs within the course and scope of employment."[5]
 {¶ 11} Overruling Ezawa v. Yasuda Fire Marine Ins. Co. Of Am.,[6]
the Galatis decision further declared:
"Where a policy of insurance designates a corporation as a namedinsured, the designation of "family members" of the named insured asother insureds does not extend insurance coverage to a family member ofan employee of the corporation unless that employee is also a namedinsured."[7]
 {¶ 12} It is undisputed that at the time of the accident giving rise to this case, Thomas Carroll was employed by Architectural Interior Restorations, but he was not acting within the course and scope of that employment. Thomas and his wife were riding Thomas' personal motorcycle, which was struck by a vehicle driven by the tortfeasor, Kohler. According to the law pronounced in Westfield Ins. Co. v. Galatis, Thomas Carroll was not an insured under the American States' policy and, therefore, not entitled to uninsured/underinsured motorist coverage for the injuries sustained in the accident.[8]
 {¶ 13} Further, Thomas Carroll was not a named insured in the American States' policy. Since Sandra Carroll's claim is predicated upon her being a "family member" of her husband, the legal grounds for coverage no longer exist as a result of the Westfield Ins. Co. v. Galatis
decision.[9]
 {¶ 14} The result is the Scott-Pontzer claim that both parties thought was viable at the time of the pending action was no longer viable. HadWestfield Ins. Co. v. Galatis initially been the law, the Carrolls' initial complaint would have been subject to summary judgment because they could not establish facts that would entitle them to judgment.
 {¶ 15} Because the issue regarding damages in excess of $450,000 was unresolved, Westfield Ins. Co. v. Galatis applies. Under Westfield Ins.Co. v. Galatis, the Carrolls do not qualify as insureds under the applicable policy definitions. Consequently, the Carrolls are not entitled to uninsured/underinsured motorist coverage under the American States' policy as a matter of law. Accordingly, the Carrolls' assigned errors are overruled.
 {¶ 16} We now address American States' cross-appeal of the trial court's denial of their motion for reconsideration of its earlier grant of partial summary judgment in favor of the Carrolls. We decline to reverse the trial court's ruling to deny reconsideration and uphold the settlement.
 {¶ 17} The February 4, 2001 order granting partial summary judgment in favor of the Carrolls declared the rights and liabilities of the parties. Thereafter, as previously noted, the parties entered into a partial settlement agreement and on April 18, 2002, filed their stipulations, which the trial court journalized on April 29, 2002. The trial court's subsequent journalization of the parties' joint stipulations resulted in a final judgment on the issue of the $450,000. Moreover, American States tendered the check for $450,000 with the release, and the Carrolls signed the release and negotiated the check. Thus, the filing of a motion for reconsideration after a final judgment was a nullity.[10] Further, the Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court.[11]
 {¶ 18} We also decline to disturb the aforementioned settlement agreement because it is uncontroverted that public policy favors settlements.[12] Without such, it would be difficult for parties to attempt the amicable adjustment or compromise of disputes.[13]
 {¶ 19} Moreover, when parties agree to settle cases, litigation is avoided, costs of litigation are contained, and the legal system is relieved of the burden of resolving the dispute with the resulting effect of alleviating an already overcrowded docket.[14]
 {¶ 20} Finally, we decline to disturb the settlement agreement in the instant case, in order to prevent the floodgates of attempts at unraveling all similar agreements arrived at when Scott-Pontzer was the law.
 {¶ 21} As previously stated, in applying Westfield Ins. Co. v.Galatis, the Carrolls are not entitled to uninsured/underinsured motorist coverage under the American States' policy as a matter of law. We note the troubling aspect of this case in light of Westfield Ins. Co. v.Galatis. However, we opt to uphold the settlement contract regardless of a post-case law impact.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Karpinski, J., concur.
[1] 100 Ohio St.3d 216, 2003-Ohio-5849.
[2] Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292.
[3] (1998) 82 Ohio St.3d 339.
[4] (1999), 136 Ohio App.3d 259.
[5] Westfield Ins. Co. v. Galatis, supra at paragraph two of the syllabus.
[6] 86 Ohio St.3d 557, 1999-Ohio-124.
[7] Id. at paragraph three of the syllabus.
[8] See, Boigegrain v. Bryant (Mar. 18, 2004), Cuyahoga App. No. 83103; Shterenberg v. Am. States Ins. Co., (Dec. 18, 2003), Cuyahoga App. No. 82990; Johnson v. Fed. Ins. Co., (Nov. 20, 2003), Cuyahoga App. No. 82428; Tolbert v. Genesis Ins. Co., (Nov. 20, 2003), Cuyahoga App. No. 82171.
[9] Stask v. McEachern (July 15, 2004), Cuyahoga App. No. 83925.
[10] Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378, paragraph one of the syllabus.
[11] See, Cejer v. National Paper Packaging Co. (Mar. 28, 1991), Cuyahoga App. No. 58265.
[12] Humm v. City of N. Royalton (April 3, 1975), Cuyahoga App. No. 33431.
[13] Scherer v. Piper (1875), 26 Ohio St. 476, 479.
[14] See Bogan v. Progressive Cas. Ins. Co. (1988), 36 Ohio St.3d 22.