OPINION
{¶ 1} Defendant-appellant Jessie Bucholz appeals from a civil protection order rendered against her. She contends that the trial court erred by failing to grant her motion to reconsider, and that the trial court abused its discretion by making the order run for the full five years permitted by statute.
 {¶ 2} We conclude that the trial court was without jurisdiction to reconsider the final judgment it had entered in this cause, in the absence of a motion properly invoking the provisions of Civ. R. 60(B). We also conclude that Bucholz waived any error represented by the term of the civil protection order when she failed to make that issue the subject of an objection to the decision of the magistrate that was adopted by the trial court, as required by Civ. R. 53(E)(3)(d). Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} The facts are set forth in the magistrate's findings of fact, as follows:
 {¶ 4} "Respondent [Bucholz] is the grandmother of petitioner's children.
 {¶ 5} "The parties' relationship has deteriorated since March 2003, when petitioner [appellee Brandy Woolum] regained custody of her children. For the previous two years, [Bucholz] had parenting time with the children during the time when [Woolum]'s mother had custody of the children. On June 9, 2003, [Woolum] told [Bucholz] she did not have rights to see the children and that [Woolum] would no longer permit [Bucholz] to see them. The parties do not agree on the timing, but at some point after [Woolum] told [Bucholz] that she would not let [Bucholz] see the children, the parties had a confrontation regarding this situation. During this confrontation [Bucholz] told [Woolum] that `(she) will get (hers)' and that Bucholz would kill [Woolum] if that is what it would take to see the children. [Woolum] took these threats as credible and they caused her to fear for her safety. During a confrontation around June 25, 2003, [Bucholz] came by [Woolum]'s house and threatened [Woolum] with harm if she was not allowed to see the children. [Bucholz] has also made threats during phone calls with [Woolum].
 {¶ 6} "[Bucholz] denied making any threats on any occasion, and also denies that her husband made any threats against [Woolum]. In light of the court's previous findings in case 2003 DV 615, this does not help [Bucholz]'s credibility. [Bucholz]'s son, Joshua, who is the father of [Woolum]'s children, testified on [Bucholz]'s behalf and also denied that any threats were made in his presence during the confrontation. However, in addition to the bias inherent in his familial relationship with [Bucholz], the court finds that his bias is further strengthened by the fact that [Woolum] currently has a civil protection order against Joshua.
 {¶ 7} "This case is primarily a credibility contest, which includes the witnesses' demeanor and manner of testifying. After due consideration, the court finds that [Woolum] has met her burden of proof."
 {¶ 8} We have reviewed the transcript of the hearing before the magistrate, and we find that there is evidence in the record to support the magistrate's findings.
 {¶ 9} Woolum sought a civil protection order against Bucholz. Following a hearing, the magistrate to whom the cause had been referred found in favor of Woolum, and entered a decision to grant a civil protection order, for the maximum statutory period of five years. Bucholz filed an objection to this decision, the entire text of which is as follows:
 {¶ 10} "No comes the Defendant, JESSIE BUCHOLZ, by and through counsel, and hereby files her Objections to the Domestic Violence Protection Order filed in this Court on April 9, 2004. Defendant is requesting a transcript of the proceedings and will supplement her objections after the transcript is filed."
 {¶ 11} The transcript of the hearing before the magistrate was filed on July 12, 2004. On August 25, 2004, the trial court rendered the "Decision and Judgment" from which this appeal is taken. In that decision and judgment, the trial court noted that more than thirty days had elapsed since the filing of the transcript of the magistrate's hearing, and that Bucholz had not supplemented her objection. The trial court further noted that Bucholz had not complied with the requirements of Civ. R. 53, because she had not stated with specificity the grounds for her objection. The trial court found that the magistrate's decision contained no legal defect, and adopted it as the order and judgment of the court.
 {¶ 12} Thirty days later, on September 24, 2004, Bucholz filed a motion to reconsider the Decision and Judgment entered on August 25, 2004. Five minutes later, she filed this appeal.
 {¶ 13} Although oral argument was initially scheduled in this case, oral argument was later waived.
 II {¶ 14} Bucholz's First Assignment of Error is as follows:
 {¶ 15} "WHETHER THE LOWER COURT SHOULD HAVE GRANTED RESPONDENT/APPELLANT'S MOTION TO RECONSIDER."
 {¶ 16} Bucholz's motion to reconsider did not invoke the provisions of Civ. R. 60(B). Although she argued, in support of her motion, that she had been unaware of the filing of the transcript, and should, in fairness, have had an opportunity to brief her objection, presumably specifying the grounds for her objection, and this argument might be the basis for a motion for relief from judgment pursuant to Civ. R. 60(B), the jurisdictional power of a trial court to modify or vacate a final judgment does not exist without some specific invocation of Civ. R. 60(B). A motion to reconsider will not lie from a final judgment of a trial court. Pitts v. Ohio Department ofTransportation (1981), 67 Ohio St.2d 378.
 {¶ 17} Furthermore, Bucholz has appealed only from the Decision and Judgment rendered on August 25, 2004. Her Notice of Appeal provides, in its entirety, as follows: "Now comes Jessie Bucholz, by and through counsel and hereby files her Notice of Appeal of the Decision and Judgment filed in this Court on August 25, 2004." Thus, our appellate jurisdiction has not been invoked with respect to the trial court's ruling, if there has been one (we have no ruling in our record), on Bucholz's motion to reconsider.
 {¶ 18} Bucholz's First Assignment of Error is overruled.
 III {¶ 19} Bucholz's Second Assignment of Error is as follows:
 {¶ 20} "WHETHER THE LOWER COURT ABUSED ITS DISCRETION IN GRANTING A FIVE YEAR PROTECTION ORDER?"
 {¶ 21} Bucholz argues that the trial court abused its discretion in making the civil protection order run for five years, the maximum term provided for in the statute.
 {¶ 22} Civ. R. 53(E)(3)(d) provides that: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." As the trial court noted, Bucholz made no specific objection to any aspect of the magistrate's decision. Nor have we found anything in the record, before Bucholz's post-judgment motion to reconsider, in which she argued that a civil protection order, if one were to be entered, should have less than a five-year term.
 {¶ 23} The reason for Civ. R. 53(E)(3)(d) is to require a party aggrieved by a magistrate's decision to give the trial judge the first opportunity to correct an error. It is consistent with the general requirement for the preservation of error in the trial court. Because Bucholz did not object to the five-year term of the civil protection order granted in the magistrate's decision, she has waived that issue on appeal.
 {¶ 24} If it is any comfort to Bucholz, we would conclude that the trial court did not, in any event, abuse its discretion in making the civil protection order run for the full five years. The threats that Bucholz was found to have made against Woolum justified the five-year term.
 {¶ 25} Bucholz's Second Assignment of Error is overruled.
 IV {¶ 26} Both of Bucholz's assignments of error having been overruled, the judgment of the trial court is Affirmed.
Wolff and Donovan, JJ., concur.