OPINION
{¶ 1} Defendant, David Murray, appeals from a judgment denying Murray's motion to vacate his sentence.
 {¶ 2} Defendant entered a pleas of no contest to attempted burglary and was convicted on his plea. On June 23, 2004, the trial court imposed a sentence on the conviction: three years in prison, followed by three years of post-release control, and a money judgment of $383 for costs of prosecution.
 {¶ 3} Defendant filed no appeal from the sentence the court had imposed within the thirty-day period mandated by App. R. 4(A). On July 1, 2005, Defendant filed a "Motion to correct improper sentence-miscellaneous (request for new sentence hearing)". The trial court denied the motion on July 8, 2005.
 {¶ 4} Defendant filed a timely notice of appeal from the July 8, 2005 order. He presents four assignments of error.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE COURT COMMITTED PREJUDICIAL ERROR WHEN IT CONSIDERED THE DEFENDANT'S RECORD AS A MISDEMEANANT AND MISINFORMATION ABOUT FELONY PROBATION WHEN DECIDING THE SENTENCE TO IMPOSE FOR THE CURRENT CONVICTION OF ATTEMPTED BURGLARY."
SECOND ASSIGNMENT OF ERROR
 {¶ 6} "MR. MURRAY'S SENTENCE VIOLATES THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE IT IS BASED UPON FACTS WHICH WERE NEITHER ADMITTED BY HIM NOR PROVEN TO A JURY BEYOND A REASONABLE DOUBT."
THIRD ASSIGNMENT OF ERROR
 {¶ 7} "THE RECORD IS DEVOID OF EVIDENCE SUPPORTING THE TRIAL COURT'S IMPOSITION OF MORE THAN A MINIMUM SENTENCE."
FOURTH ASSIGNMENT OF ERROR
 {¶ 8} "THE DEFENDANT MR. MURRAY ASSERTS A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AGAINST HIS COURT APPOINTED COUNSEL. COUNSEL SHOULD HAVE BEEN AWARE OF, OR PRIVY TO INFORMATION PRESENTED TO THE COURT, SUCH AS PRESENTENCE INVESTIGATION REPORT, OR ANY FACTS THAT MIGHT HAVE INFLUENCED THE TRIAL COURT JUDGE TO IMPOSE THE LONGER SENTENCE."
 {¶ 9} The appellate jurisdiction of the courts of appeal is limited to review of judgments or final orders of the trial courts. Article IV, Section 3(B)(2), Ohio Constitution. Final orders or judgments are defined by R.C. 2505.02. The relevant portions of that section define final orders necessarily to be an order that "affects a substantial right" and/or that "vacates or sets aside a judgment."
 {¶ 10} The Rules of Criminal Procedure make no provision for the form of motion that Defendant filed on July 1, 2005. Therefore, the trial court's order of July 8, 2005 denying the motion, though correct, did not deprive Defendant of a right to which he is entitled, substantial or otherwise. Indeed, and for that same reason, the order from which Defendant's appeal was taken is a nullity from which no appeal lies. Pitts v. OhioDep't. of Transportation (1981), 67 Ohio St.2d 378.
 {¶ 11} The sentence the court imposed on June 23, 2004 was a final order from which no appeal was taken. Courts lack jurisdiction to vacate or modify orders that are final, except with respect to particular procedures that are prescribed. The Rules of Criminal Procedure provide for several, but none are implicated by the motion Defendant filed. Neither does the motion implicate the relief made available by R.C. 2953.21, which applies to convictions but not to sentences, and in any event Defendant's motion was untimely for that purpose. Therefore, the trial court lacked jurisdiction to vacate Defendant's sentence.
 {¶ 12} The assignments of error are overruled. The judgment of the trial court will be affirmed.
Donovan, J. and Valen, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).