{¶ 41} While I concur that the trial court did not abuse its discretion in adopting the magistrate's decisions of May 10 and May 17, 2006, my analysis of the procedural flaws of this case differs from that of the majority.
 {¶ 42} When litigants create pleadings which are not recognized in the rules of civil procedure, or ignore the civil rules altogether, havoc ensues, and one is then reminded of the law school adage, "bad cases make bad law."
 {¶ 43} Ms. Keyerleber's appeal is premised upon a denial of an opportunity to respond to a motion pursuant to Civ. R. 6(D) and (E). As the majority correctly states, the court's adoption of a magistrate's decision is governed by Civ. R. 53. However, the procedural confusion in this case began shortly after the magistrate's decisions issued.
 {¶ 44} On May 24, 2006, Ms. Keyerleber's counsel timely files two motions for extension of time to file objections, both of which refer only to the magistrate's May 10, 2006 decision relating to support. Both motions are silent as to the May 17, 2006 decision relating to visitation; however, counsel files two separate requests for transcripts of the May 10 and May 17 hearings, respectively.
 {¶ 45} Mr. Keyerleber's counsel then files a "motion in opposition" to the motions for extension of time, which, in effect, was an answer brief in opposition to the motions for extension of time, and not a new motion. *Page 13 
 {¶ 46} On June 6, 2006, the court adopts the May 17, 2006 visitation decision pursuant to Civ. R. 53(E)(4)(c).[4]
 {¶ 47} On June 20, 2006, the trial court properly grants the motions for extension of time to file objections until July 28, 2006, as Civ. R. 53(D)(5) requires the court, for good cause shown, to grant a reasonable extension of time to file objections.
 {¶ 48} On July 7, 2006, the trial court adopts the May 10, 2006 support decision pursuant to Civ. R. 53(D)(4)(e)(i).
 {¶ 49} The slide down the slippery procedural slope then begins with the missed deadline for filing objections.
 {¶ 50} On August 7, 2006, ten days past the deadline, the proper motion is filed to seek leave to file the objections to both decisions instanter. Ms. Keyerleber's counsel cites a problem with his dictation tape and represents that he had the consent of opposing counsel.
 {¶ 51} On October 26, 2006, Mr. Keyerleber's counsel files a "motion to adopt" the May 10, 2006 magistrate's decision, which had already been adopted by the court on July 7, 2006. His "motion" does not address the May 17, 2006 order.
 {¶ 52} What is most troubling with this "motion" is that Mr. Keyerleber's counsel fails to seize this opportunity to notify the court of his dispute with opposing counsel as to the "consent" issue, even though he had been served with a pleading that contained the "offending" representations two and one-half months earlier.
 {¶ 53} Given the silence, on November 1, 2006, the court grants leave to file the objections to both decisions instanter, noting that "with consent of the opposing counsel *Page 14 
the court finds this motion well-taken." On the same day, the court orders the matter reset for full hearing and sets a "support hearing" for February 22, 2007.
 {¶ 54} Then, on November 8, 2006, the court rules on the objections to the May 17, 2006 visitation decision finding that the May 17 decision "is orally described as an agreement," and further finding that the "transcript of the proceedings" does not indicate that an agreement was reached. Thus, the court refers the matter back to the magistrate for further hearing.
 {¶ 55} The silence is broken on November 20, 2006, when Mr. Keyerleber's counsel files a combined "objection" to the court's order scheduling a new support hearing and "motion to adopt" both May 2006 decisions. For the first time since being put on notice of the alleged "misrepresentations" of opposing counsel, Mr. Keyerleber's counsel advises the court that he was misled into granting consent to the August 7, 2006 leave to file the objections instanter. Two days later, the court considers these "pleadings" and adopts both May 2006 decisions, thereby reversing its November 1 and November 8, 2006 orders.
 {¶ 56} Faced with this procedural quagmire created by late filings and motions or objections not contemplated by the rules of procedure, the court should not have based its decision upon an argument that indeed had been waived, by not being timely asserted by Mr. Keyerleber, prior to the court's ruling on the motion for leave to file the objections instanter.
 {¶ 57} But the end result is correct for the reason that the orders referring the matters back to the magistrate were interlocutory orders; and interlocutory orders are *Page 15 
subject to change and may be reconsidered by the trial court at any time before a final order is entered. See Pitts v. Dept. of Transp. (1981),67 Ohio St.2d 378.
[4] The basic procedure set forth in Civ. R. 53(E)(4)(c) is now found in Civ. R. 53(D)(4)(e)(i) and (ii). Civ. R. 53 was extensively amended effective July 1, 2006. *Page 1