[Cite as *Doner v. Auto-Owners Ins. Co.*, 2016-Ohio-6979.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

DIRK L. DONER,                                    CASE NO. 1-16-14

    PLAINTIFF-APPELLANT,

  v.

AUTO-OWNER'S INSURANCE CO.,              O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Allen County Common Pleas Court
Civil Division
Trial Court No. CV2016 0058

Judgment Reversed, Cause Remanded

Date of Decision:  September 26, 2016

APPEARANCES:

    *Kenneth J. Ignozzi* for Appellant

    *J. Alan Smith* for Appellee

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Dirk Doner ("Donor") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting the motion to dismiss of defendant-appellee Home-Owner's Insurance Company ("HOIC").[1] Doner alleges that the trial court erred by 1) determining that he materially prejudiced HOIC's subrogation rights; 2) dismissing the complaint without specifying that it was without prejudice; and 3) denying the motion for relief from judgment on the mistaken conclusion that Doner lacked a meritorious claim. For the reasons set forth below, the judgment is reversed.

{¶2} On February 3, 2014, Doner was driving in Florida when his vehicle was struck by one driven by Antonio Smith ("Smith"), a resident of Florida. Doc. 1. Home-Owner's advanced Doner the liability coverage limits of $10,000 provided by Smith's insurance policy. *Id.* On January 29, 2016, Doner filed his complaint against HOIC to collect underinsured motorist coverage as provided by his own policy. *Id.* On February 25, 2016, HOIC filed a motion to dismiss for failure to join a required party. Doc. 4. Part of the basis for the motion was the language of the policy, which provided in relevant part as follows.

> **[1]c. Under Uninsured Motorist Coverage and/or Underinsured Motorist Coverage, any person making claim must:**

---

[1] The complaint erroneously identified the defendant as Auto-Owners Insurance Co.

**(1) give us written notice and documentation of loss;**

**(2) submit to examinations by physicians we select as often as we require; and**

**(3) authorize us to obtain medical reports and other pertinent records.**

**We must be given copies of the legal papers if suit is brought against any person believed to be legally responsible.**

**2. ASSIST AND COOPERATE**

**a.   You and any person seeking coverage under this policy must cooperate with us in the investigation settlement or defense of any claim or suit.  This includes submitting to a statement under oath and giving us access to any documents which we request.**

**\* \* \***

**[3]a. If we make a payment under this policy and the person to or for whom payment is made has a right to recover damages from another, we will be entitled to that right.  That person shall do everything necessary to transfer that right to us and shall do nothing to prejudice it.**

**b. The person to or for whom payment is made under Uninsured Motorist Coverage and/or Underinsured Motorist Coverage must hold in trust for us his rights of recovery against any legally liable person.  He must do all that is proper to secure such rights and must do nothing to prejudice them.  He must take any required action in his name to recover damages and reimburse us out of any proceeds to the extent of our payment.**

Section V, page 12.   Under the Underinsured Motorist Coverage, the policy provided as follows.

**[2]a. We will pay compensatory damages, including but not limited to loss of consortium, any person is legally entitled to recover from the owner or operator of an underinsured automobile because of bodily injury sustained by an injured**

**person while occupying an automobile that is covered by SECTION II – LIABILITY COVERAGE of the policy.**

**\* \* \***

**[2]d. Whether an injured person[2] is legally entitled to recover damages and the amount of the damages shall be determined by agreement between the injured person and us. We will not be bound by any judgments for damages obtained or settlements made without our written consent.**

**\* \* \***

**[6]a. TIME LIMITATION FOR ACTIONS AGAINST US**

**Any person seeking Underinsured Motorist Coverage must make a claim and bring suit for compensatory damages in accordance with the terms and conditions of this policy. Such claim must be made and suit must be brought:**

**(1) within three years after the occurrence; or**

**(2) within one year after the liability insurer for the owner or operator of the automobile liable to the injured person has become the subject of insolvency proceedings in any state**

**whichever is later and provided that the person making the claim has not prejudiced our subrogation rights.**

Underinsured Motorist Coverage. The "we" and "us" in the above provisions refers to HOIC. Section I, 14. Doner filed his response on March 10, 2016. Doc. 5. On March 11, 2016, the trial court granted the motion to dismiss, but stated that it had seen no response from Doner. Doc. 6.

---

[2] The term "injured person" is not defined in this section, but in this case, the injured person was also the insured.

{¶3} On March 14, 2016, Doner filed a motion for reconsideration and motion for relief from judgment on the grounds that the trial court had not considered his response to the motion to dismiss prior to granting the motion. Doc. 7. On April 5, 2016, the trial court granted the motion to reconsider due to the failure to review Doner's response, vacated the March 11, 2016, judgment entry, but then denied the Civil Rule 60(B) motion and granted the motion to dismiss. Doc. 8. The judgment entry did not indicate whether the dismissal was with or without prejudice. *Id.* Doner then filed a timely notice of appeal from both the March 11, 2016, and the April 5, 2016, entries and raises the following assignments of error.

### First Assignment of Error

**The trial court erred in dismissing [Doner's] complaint against [HOIC's] subrogation rights.**

### Second Assignment of Error

**The trial court erred in dismissing [Doner's] complaint without specifying the dismissal was without prejudice.**

### Third Assignment of Error

**The trial court abused its discretion in denying [Doner's] motion for relief from judgment based upon the erroneous conclusion that [Doner] did not have a meritorious claim.**

{¶4} Before we address the assignments of error, we must first address an issue with the April 5, 2016, judgment entry. This court notes that this entry grants the motion for reconsideration, but denies the motion for relief from judgment. A

motion for reconsideration in the trial court is a nullity. *Pitts v. Dept. of Transportation*, 67 Ohio St.2d 378, 423 N.E.2d 1105, (1981), paragraph one of the syllabus. *See also, Miller v. Cass*, 3d. Dist. Crawford No. 3-09-15, 2010-Ohio-1930, ¶ 44 and *Bower, et al. v. Merkle, et al.*, Allen C.P. No. CV2015 0543, (Mar. 7, 2016) (denying motion for reconsideration as a nullity). "Furthermore, any order that a trial court enters granting or denying any such motion is also a legal nullity." *Miller, supra* at ¶ 44. Thus, the granting of the motion for reconsideration in this case was a nullity. This then leaves this court with only the denial of the motion for relief from judgment pursuant to Civil Rule 60(B) from the April 5, 2016 judgment entry and the March 11, 2016, judgment entries as the basis for the appeal.

{¶5} Doner alleges in the first assignment of error that the trial court erred in granting the motion to dismiss. HOIC filed the motion to dismiss alleging that Doner had failed to join Smith as an indispensable party pursuant to Civil Rule 12(B)(7).

> **Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses shall be made before pleading if a further pleading is permitted.**

Civil Rule 12(B)(7). Civil Rule 19 provides guidance for determining whether a party needs to be joined for just adjudication.

**(A)     Persons to be joined if feasible.  A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impeded his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee.  If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7).  * * ***

**(B)     Determination by Court whenever joinder not feasible.  If a person as described in subdivision (A)(1), (2), or (3) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.  The factors to be considered by the court include:  first, to what extent a judgment  rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.**

Civ.R. 19.

{¶6} In this case, there is no question that Smith has no connection to Ohio which would grant the trial court personal jurisdiction over him, so it would not be feasible to join him as a defendant.  Thus, the issue before this court is whether Smith is an indispensable party as defined by Civ.R. 19(B).

{¶7} A review of both the March 11, 2016 and April 5, 2016 judgment entries indicate that although the question before the trial court was whether Smith was an indispensable party as defined by Civ.R. 19(B), this was not the question answered by the trial court. Instead, the trial court sua sponte ruled that Doner had prejudiced HOIC's subrobation rights and that HOIC had no obligation to provide coverage. See Doc. 8 at 4 and Doc. 6 at 2. No party alleged that the subrogation rights had been prejudiced. HOIC merely stated that if Smith were not joined, its subrogation rights may "potentially" be prejudiced. Doc. 4 at 5. Civil Rule 19(B) requires the trial court to consider at least four factors. The trial court in this case did not do so, instead choosing to answer a question which was not asked and to which Doner had no opportunity to respond. Therefore, the trial court erred in granting the motion to dismiss and the first assignment of error is sustained.

{¶8} In the second assignment of error, Doner claims that the trial court erred by failing to state that the dismissal was without prejudice. Having found that the granting of the motion to dismiss was in error, this assignment of error is moot and we will not address it at this time. App.R. 12(A)(1)(c). Doner claimed in the third assignment of error that the trial court erred in denying the Civil Rule 60(B) motion for relief from judgment. Having determined that the Civil Rule 12(B)(7) motion was improperly granted in the first assignment of error, the third assignment of error is also moot and will not be addressed. *Id.*

Case No. 1-16-14

{¶9} Having found error prejudicial to the appellant, the judgment of the Court of Common Pleas of Allen County is reversed and the matter is remanded for a determination as to whether Smith is an indispensable party and such further action as may be necessary.

*Judgment Reversed*
*Cause Remanded*

**PRESTON and ROGERS, J.J., concur.**

**/hls**